*Albert Ottinger, Attorney-General (E. C. Aiken* of counsel), for appellant.

*William H. Hotchkiss* for respondents.

Order affirmed, with costs against State Industrial Board, on ground that section 13 of the Workmen's Compensation Law does not permit an award to the employee for medical treatment, etc., furnished by the employer.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Claim of MARIA H. CIAPPA, Respondent, against MORRIS ROSENBERG, Respondent, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., Appellant.

STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of NUNZIATO DI DONATO, Respondent, against MORRIS ROSENBERG, Respondent, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., Appellant.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — master and servant — insurance — policy covering operations classified as " masonry work and carpentry work " covers death from collapse of building during alterations.*

*Ciappa* v. *Rosenberg,* 214 App. Div. 744, affirmed.

(Argued January 11, 1926; decided January 22, 1926.)

APPEAL, in each of the above-entitled proceedings, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered June 16, 1925, affirming an award of the State Industrial Board made under the Workmen's Compensation Law. Two workmen while employed on the alteration of certain buildings were killed by their collapse. The only question was as to whether the employer or the insurance carrier should pay the compensation awarded, the latter claiming that the policy did not cover the kind of work being done on the buildings at the time of their collapse. The classification of operations stated in the policy was " Masonry work and carpentry work."

*Edward P. Lyon* and *Alfred W. Andrews* for appellant.

*John K. MacAdam* and *Peter M. Daly* for Morris Rosenberg, respondent.

*Albert Ottinger, Attorney-General* (*E. C. Aiken* of counsel), for State Industrial Board, respondent.

Order in each case affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Claim of MATILDA MULLER, Respondent, against HENRY R. APEL, INC., et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — master and servant — basis for computation of compensation.*

*Muller* v. *Apel, Inc.*, 215 App. Div. 737, affirmed.

(Argued January 11, 1926; decided January 22, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 11, 1925, unanimously affirming an award of the State Industrial Board made under the Workmen's Compensation Law. Claimant's husband died as a result of injuries received in an accident arising out of and in the course of his employment. At the date of the accident the rate of compensation would have been based upon a maximum wage of $100 per month. At the time of the award the limit had been raised to $150 on which latter rate the Industrial Board computed the award. Appellant contended that the rate of compensation should have been based on the maximum allowed at the date of the accident.

*Jeremiah F. Connor* for appellants.

*Albert Ottinger, Attorney-General* (*E. C. Aiken* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, CRANE and ANDREWS, JJ. Dissenting: CARDOZO, McLAUGHLIN and LEHMAN, JJ.