Before STATE INDUSTRIAL BOARD, Respondent.

GAEOME MONELLO, Respondent, v. SAM KLEIN and Another, Appellants.

Third Department, March 3, 1926.

Workmen's compensation — liability of contractor under Workmen's Compensation Law, § 56, where subcontractor has not covered employees — burden is on contractor to show that subcontractor carried insurance — subcontractor had knowledge of injury — not necessary to serve notice of claim on contractor — insurance carrier of contractor not liable in absence of proof of insurance.

In proceedings to hold a contractor under section 56 of the Workmen's Compensation Law on the ground that the claimant, an employee of a subcontractor, was not covered by insurance carried by the subcontractor, the burden of proof is on the contractor to show that the subcontractor did carry insurance covering the claimant.

The evidence establishes that the subcontractor had knowledge of the accident and the proof given is sufficient to excuse the claimant from filing a notice of injury.

It was not necessary to serve the written statutory notice of claim upon the contractor in order to hold him under section 56 of the Workmen's Compensation Law; it is sufficient if the contractor's attention is called to the situation.

The insurance carrier for the contractor cannot be held liable in this proceeding, since it does not appear that said carrier had covered the claimant by its policy; the burden is on the claimant to make proof of the liability of the carrier.

APPEAL by Sam Klein and another from an award of the State Industrial Board, made on the 20th day of August, 1925.

*Bernard J. Vincent* [*T. Carlyle Jones* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.   The claimant sustained an accidental injury, arising out of and in the course of his employment, while in the employ of Vito Aparo.   Vito Aparo was a subcontractor for Sam Klein.   The claimant was injured while engaged in hazardous work covered by the contract between Aparo and Klein.   It is provided in section 56 of the Workmen's Compensation Law: "A contractor, the subject of whose contract is, involves or includes a hazardous employment, who subcontracts all or any part of such contract shall be liable for and shall pay compensation to any employee injured whose injury arises out of and in the course of such hazardous employment, unless the subcontractor primarily liable therefor has secured compensation for such employee so injured as provided in this chapter."   The claimant duly served

a notice of claim upon Vito Aparo, his employer. The record shows that several hearings before the Industrial Board were had which were attended by the claimant and his attorney, on behalf of the claim, and by an attorney apparently representing Vito Aparo in resistance of the claim. An accident was proven. It was likewise proven that Vito Aparo had knowledge of the accident immediately upon its occurrence. Sam Klein, in person and by attorney, appeared at subsequent hearings. Although Klein at first appeared in the character of a witness, the record shows that upon several occasions the referee in charge directed his attention to the fact that under section 56 of the Workmen's Compensation Law an award against him would be made unless it appeared that Aparo had obtained compensation insurance. No evidence indicating that Aparo had taken out insurance was given. We think that under the wording of section 56 the burden rested upon Sam Klein to produce such evidence. We think, also, that the proof given, indicating that Aparo had knowledge of the accident, was sufficient to excuse the claimant from filing a notice of injury. Aparo, as the employer, was the sole person entitled to be served with such a notice. Moreover, we think that it was not necessary to serve the written statutory notice of claim upon Sam Klein since he was not the employer. Such a claim was served upon Vito Aparo. As to Sam Klein, it was sufficient that his attention was pointedly directed to the fact that an award might go against him, and that he was given sufficient opportunity to prove either that Aparo was not primarily liable, or, if liable, that he had taken out compensation insurance. However, the award finally made was not only against Sam Klein, but against an insurance company in which he held a policy of insurance. The policy was not produced, so that it does not appear that the insurance carrier against whom the award was made had covered the claimant by its policy. The burden was upon the claimant to make proof of the liability of the carrier. Not having done so the award against the appellant insurance carrier may not stand.

The award should be reversed as against the insurance carrier appellant, and the claim as against it remitted; the award as against the appellant Sam Klein should be affirmed.

All concur.

Award as against the insurance carrier reversed and claim remitted to the State Industrial Board. Award as against the appellant Sam Klein affirmed.