In the Matter of the Claim of PAUL BASSETT, Respondent, against VAN DE BOGART & DECKER and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 17, 1927.

Workmen's compensation — award — carrier liable under Workmen's Compensation Law, § 56, whether employer was independent contractor or not, where employer was subcontractor — award should not have been made under Workmen's Compensation Law, § 14, subd. 1 or 2, but under subdivision 3 of said section.

The insurance carrier is liable in this proceeding whether or not the employee injured was in the employ of an independent contractor, for if the employee's immediate employer was an independent contractor, he was also a subcontractor, and the insurance carrier is liable, since the subcontractor was uninsured and the policy which covered the principal contractor would cover the employees of the subcontractor under section 56 of the Workmen's Compensation Law.

The method of determining the average weekly wage was erroneous, since it was based on a daily wage of three dollars and fifty cents, which, however, was a wage earned only occasionally, whereas the ordinary occupation of the employee returned a wage of two dollars and twenty-five cents per day. The award should not have been made under either subdivision 1 or subdivision 2 of section 14 of the Workmen's Compensation Law. The compensation should have been made under subdivision 3 of that section.

APPEAL by Van de Bogart & Decker and another from awards of the State Industrial Board, made on the 29th day of March, 1926, and on the 30th day of April, 1926.

*Edward A. Conger,* for the appellant Van de Bogart & Decker.

*J. Harris Loucks,* for the appellant London & Lancashire Indemnity Company of America.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondent.

PER CURIAM. The appellant insurance carrier contends that Teator was an independent contractor. Whether he was such or not is unimportant. If he was not the proof clearly makes Bassett, the claimant, a special employee of Van de Bogart & Decker. If Teator, as the appellant claims, was an independent contractor, he was necessarily also a subcontractor of Van de Bogart & Decker performing part of their contract, and Teator, having been uninsured, the contractors, Van de Bogart & Decker, became liable for compensation to the claimant under the provisions of section 56 of the Workmen's Compensation Law and as the policy of the insurance carrier covered the employees of a subcontractor the carrier is also

liable for such compensation. Consequently much of the testimony taken was immaterial. An award may be sustained on the theory of the insurance carrier as well as on the theory of the respondent.

We find error in the determination of the average weekly wage. It is based on a daily wage of three dollars and fifty cents which claimant is said to have been earning at the time of the accident. He had, however, worked only occasionally in that employment. In his ordinary occupation he was earning two dollars and twenty-five cents a day. The award was made under subdivision 1 of section 14 of the Workmen's Compensation Law but clearly the case does not fall within that subdivision. No evidence was offered bringing the case within subdivision 2 of that section. It would seem that the compensation should be made under subdivision 3. (*McDonald* v. *Burden Iron Co.*, 206 App. Div. 571; *Gruber* v. *Kramer Amusement Corporation*, 207 id. 564; *Testo* v. *Burden Iron Co.*, 211 id. 219.) From the record it is impossible to determine what should be the average weekly wages of the claimant, and the case must be remitted for further evidence on that point.

The award should be reversed and the matter remitted to the State Industrial Board, without costs, for the purpose of having that Board take evidence bearing on the question of the average weekly wages of the claimant and to make appropriate findings in respect thereto and as to the amount of the award.

COCHRANE, P. J., VAN KIRK, MCCANN, DAVIS and WHITMYER, JJ., concur.

Award reversed and claim remitted to the State Industrial Board, without costs, for the purpose of having that Board take evidence bearing on the question of the average weekly wages of the claimant and to make appropriate findings in respect thereto and as to the amount of the award.