PATRICK W. CASEY, Respondent, v. FRANK A. SHANE, Appellant, and Another, Defendants, Individually and as Copartners, Trading as SHANE CONSTRUCTION COMPANY.

Third Department, November 17, 1927.

Workmen's compensation — third party liability — action by employee of subcontractor against principal contractor — under Workmen's Compensation Law, § 56, contractor stands in relation of employer whether or not subcontractor has insurance — contractor's liability under said section and sections 10 and 11 is exclusive.

A contractor stands in the relation of an employer under section 56 of the Workmen's Compensation Law to employees of a subcontractor, whether or not the subcontractor carries insurance for the protection of its employees, and under said section and sections 10 and 11 of the Workmen's Compensation Law the remedy of the employee of the subcontractor is exclusively within the Workmen's Compensation Law.

Accordingly, an employee of the subcontractor cannot sue the contractor on the theory that the injury was caused by the negligence of a third person.

APPEAL by the defendant, Frank A. Shane, from an order of the Supreme Court, made at the Franklin Special Term and entered in the office of the clerk of the county of Franklin on the 15th day of April, 1927, striking out two separate defenses and denying said defendant's motion to dismiss the complaint.

*William H. Foster*, for the appellant.

*F. Ferris Hewitt*, for the respondent.

VAN KIRK, J.   The motion was to strike out the separate defenses numbered II and III for insufficiency.   The cross-motion was to dismiss the complaint on the pleadings.   The principal question is whether a general contractor, who has secured compensation covering the employees of a subcontractor, is immune from liability for injuries to one of those employees in a third party action, a common-law action for negligence.   There were presented to the Special Term the complaint, answer and a stipulated statement of facts.

The defendants were copartners.   The firm took a contract to construct a school building.   Part of the work was sublet to one Schneider.   The plaintiff was an employee of Schneider.   The construction of the concrete floors of the building was not a part of Schneider's contract.   In these floors there were certain holes to be used for placing vent pipes.   The plaintiff fell through one of these holes and sustained injuries on August 21, 1924.   He brought this action against the firm, alleging that it was its duty to cover or guard these holes; that it failed so to do and he received his injuries because of this negligence.   In the stipulated facts it appears that the employment was hazardous; that the subcontractor had secured compensation insurance covering his employees and the firm, the general contractor, had likewise procured compensation insurance covering the employees of the subcontractor as well as its own.   On September 26, 1925, plaintiff filed with the Commissioner a notice of election to sue a third party.   This action was begun November 21, 1925.

The defendant claims that, under sections 56, 10 and 11 of the Workmen's Compensation Law, the liability of the general contractor to pay compensation to the employees of the subcontractor is exclusive and in place of any other liability to such employee; that, under the facts in this case, the general contractor and the plaintiff stood in the relation of employer and employee.   The answer to the question presented must be found in the construction of the statute.   A brief reference to the Workmen's Compensation Law and its origin will be helpful.

In *Ives* v. *South Buffalo R. Co.* (201 N. Y. 271) the then Workmen's Compensation Law was held to be unconstitutional because it took property without due process of law, in that it imposed a new liability upon employers, a liability for injuries though sustained without negligence on the part of the employer.   In consequence an amendment to the Constitution was proposed and adopted, which is section 19 of article 1, as follows:

" Workmen's compensation.   § 19.   Nothing contained in this

Constitution shall be construed to limit the power of the Legislature to enact laws for the protection of the lives, health, or safety of employees; or for the payment, either by employers, or by employers and employees or otherwise, either directly or through a State or other system of insurance or otherwise, of compensation for injuries to employees or for death of employees resulting from such injuries without regard to fault as a cause thereof, * * * or to provide that the amount of such compensation for death shall not exceed a fixed or determinable sum; provided that all moneys paid by an employer to his employees or their legal representatives, by reason of the enactment of any of the laws herein authorized, shall be held to be a proper charge in the cost of operating the business of the employer."

The Workmen's Compensation Law is valid solely by reason of this amendment. By it, it was intended to place the burden arising from injuries to an employee upon the business in which the employee received his injuries. It authorized legislation to accomplish this purpose, but permitted the imposition of the new liability upon employers only and in favor of employees only. In the Workmen's Compensation Law the terms " employer " and " employee " are defined. (§ 2, subds. 3, 4.) The word " employer " means " a person * * * employing workmen in hazardous employments * * *." But this definition is accompanied by the words " except when otherwise expressly stated." " Employee " means " a person engaged in one of the occupations enumerated in section three or who is in the service of an employer whose principal business is that of carrying on or conducting a hazardous employment upon the premises or at the plant, or in the course of his employment away from the plant of his employer * * *." Section 10 of the act reads: " Liability for compensation. Every employer subject to this chapter shall in accordance with this chapter secure compensation to his employees and pay or provide compensation for their disability or death from injury arising out of and in the course of the employment, without regard to fault as a cause of the injury, except that there shall be no liability for compensation under this chapter when the injury has been solely occasioned by intoxication of the injured employee while on duty or by willful intention of the injured employee to bring about the injury or death of himself or another." Here we have the liability to secure and pay compensation fixed upon every employer in conformity with the constitutional amendment. That liability is not imposed upon any other than an employer, and it covers not only injuries due to the fault of the employer, but each and every injury which arose out of and in the course of the employment, except such as

may have been occasioned by the intoxication or the willful intent of the employee. Having imposed this unusual liability, section 11 of the act makes this liability exclusive of a liability for negligence, as follows: " The liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsoever, to such employee * * * at common law or otherwise on account of such injury or death, except that if an employer fail to secure the payment of compensation for his injured employees and their dependents as provided in section fifty of this chapter, an injured employee, or his legal representative in case death results from the injury, may, at his option, elect to claim compensation under this chapter, or to maintain an action in the courts for damages on account of such injury; and in such an action it shall not be necessary to plead or prove freedom from contributory negligence nor may the defendant plead as a defense that the injury was caused by the negligence of a fellow servant nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee."

Thus, if the employer does not secure the payment of compensation to his injured employees as the statute directs, most of the defenses available in a common-law action for negligence are taken from him; the penalty is severe. Section 52 (since amd. by Laws of 1926, chap. 532), for failure to secure compensation, subjects the employer to a fine and imprisonment. Section 53 provides that an employer shall not be released from the liability for compensation except by contributing premiums to the State fund or " by the payment thereof by himself or his insurance carrier." Section 50 of the act provides how compensation shall be secured. Thus we have in the act, authorized by the aforesaid amendment, a general liability fixed against an employer for injuries to his employees without regard to fault on the part of the employer, the most stringent requirements in respect to securing such payment of compensation and penalties for failure to secure such payment, both by punishment as for a misdemeanor and by depriving the employer of the usual defenses in a negligence action.

We turn now to the special provision of the act, upon the construction of which hangs the correct disposition of this appeal.

" § 56. Subcontractors. A contractor, the subject of whose contract is, involves or includes a hazardous employment, who subcontracts all or any part of such contract shall be liable for and shall pay compensation to any employee injured whose injury arises out of and in the course of such hazardous employment, unless the subcontractor primarily liable therefor has secured compensation for such employee so injured as provided in this chapter.

"An owner of timber other than farm lands, who contracts with another to carry on or perform work or service in connection therewith, which work or service is, involves or includes a hazardous employment, shall be liable for and shall pay compensation to any employee of such contractor, or his subcontractor, if any, injured in the course of and arising out of such hazardous employment, unless the contractor, or the subcontractor, if any, primarily liable therefor has secured compensation for such employee so injured as provided in this chapter."

This section was added by chapter 615 of the Laws of 1922. The other provisions of the act above referred to, substantially as they now exist, were in the law when this section was added. By this section a direct liability is imposed upon a general contractor as well as upon the " owner of timber other than farm lands " who contracts with another to carry on a hazardous employment " in connection therewith." The purpose of this section was evidently to more perfectly secure the payment of compensation to all employees engaged in a work in which a general contractor or an owner of timber lands were interested. Before the enactment of this section a third party action could have been maintained against either for injuries sustained by reason of his negligence, but no liability then rested upon him to pay compensation. The intent was to put the liability for compensation upon the party from whom compensation could probably be collected in case the subcontractor was irresponsible, or had not secured payment of compensation. In other words, the general contractor and the land owner are placed in the position of employers of the injured employee of the subcontractor. Under the Constitution, or in the absence of such a provision therein, such a liability could not be imposed upon one other than an employer. Before this section was enacted the relation of employer and employee depended upon a hiring contract; now and here the relation is declared by statute. We think this section is an express statement (§ 2, subd. 3) defining the meaning of " employer " and that the Legislature had a right to so define. The act is constitutional (*Shanahan* v. *Monarch Engineering Co.*, 219 N. Y. 469; *Monello* v. *Klein*, 216 App. Div. 105) and section 56 can only be constitutional in case a general contractor, who has sublet part of the work, stands as the employer of those working under the subcontractor and as such he must secure the compensation for those employees; he is an " employer subject to this chapter." (§ 10.) We have upheld an award against a general contractor under this section. (*Monello* v. *Klein, supra.*) That a general contractor should stand as an employer of all men employed in work on his contract has a basis in reason. All these employees

are engaged in one common enterprise; they are working in his business and in his interest; in a real sense all the employees are engaged in the same " employ." (§ 29, as amd. by Laws of 1924, chap. 499.) The general contractor must see that all the work is performed, whether directly by himself, or by subcontractors. The entire work is his work and his responsibility. By making him liable for compensation the business is made to bear the burden and the reason for declaring this relationship of employer and employee is satisfied, namely, to insure every workman against failure of compensation because of irresponsible subcontractors.

But it is said that the clause in this section " unless the subcontractor primarily liable therefor has secured compensation for such employee so injured as provided in this chapter " has great significance and, if the subcontractor has secured compensation, then the general contractor is released from the new liability. We do not think this was the intent of the Legislature. When it added this section to the law in 1922 it did not change materially sections 10, 11, 50, 52, 53; these all remained in full force. The liability declared in section 56 is absolute. This " unless " clause does not change that liability at any time until and unless the injured employee recovers from the one primarily liable. Though the subcontractor has or says he has secured compensation, the general contractor is not released from liability for compensation; the subcontractor may have misstated, or the policy once issued may have lapsed or been canceled, or for some reason might not cover the employee, or the carrier might have failed. It is security of payment of compensation at the time of the injury which is important, not the existence of a policy at an earlier time. If an employee of a subcontractor is entitled to compensation for injuries sustained in his employment and he fails to secure the payment from the subcontractor or his carrier, we think there is no doubt he could proceed against the general contractor. In *Monello* v. *Klein (supra)* we held a general contractor liable for compensation to an injured employee of a subcontractor when it did not appear whether or not the subcontractor had secured compensation by insurance, and said the burden of proof is on the general contractor to show that the subcontractor carried insurance which covered the injured employee. Thus the injured employee was allowed to recover against the general contractor before he had presented his claim against the subcontractor who had employed him. There is no restriction in section 56 against seeking compensation in the first instance against the general contractor and to succeed on such claim the claimant need not show that he cannot collect against the subcontractor. It would be in no wise safe, even if the statute

did not require it, for the general contractor to fail to procure insurance covering the employees of every subcontractor; but, since he stands as an employer of the employees of the subcontractor, under the strict provisions of the statute above referred to, he must secure compensation for those employees or be subject to severe penalties and burdens, and the cost of such security is a " proper charge in the cost of operating the business." An explanation for the " unless " clause above quoted exists in the fact that double compensation may not be had; and, if compensation is paid to an injured employee by the " subcontractor primarily liable," then the general contractor may not be required also to pay it. (See *Matter of Zirpola* v. *Casselman, Inc.*, 237 N. Y. 367.)

The contention of the plaintiff if sustained would impose upon the general contractor a greater liability to the employees of the subcontractor than is imposed upon him to his own employees, or than is imposed upon employers generally. If his subcontractor has not secured compensation to an injured employee he is liable as employer for compensation. If his subcontractor has secured compensation, an injured employee of the subcontractor need not seek an award therefor, but may elect to prosecute the general contractor in a common-law action grounded in negligence; the general contractor is made liable as an employer, yet he is to be deprived of the immunity from other liability which the act grants to other employers. Moreover, assume that there are two sub-contractors on the same job; one secures compensation to his employees, one does not; two men, an employee of each, are injured in one accident. The general contractor, whose insurance covers both, is liable for compensation to one and may be liable in a negligence action to the other. We cannot think such was the intention of the Legislature. Either the general contractor stands as an employer or he does not; if he does, he is immune from liability for negligence; if he does not, he cannot in any circumstance be liable for compensation, because then the provision of section 56 declaring it is unconstitutional. It would have been better had the Legislature included a statement in substance that the general contractor stands as an employer of those employed by a subcontractor; but this was the intent of the Legislature, else, as above stated, it could not impose this new liability upon a general contractor. It intended a valid enactment under the amendment to the Constitution; the enactment and the amendment read together establish validity. The omission of words, tending to clarify, cannot overcome the intent. " Whatever may be the opinion of the judiciary as to the wisdom, expediency, or policy of an act, whatever excesses or omissions may be found in a statute, the intent of the Legislature

is to be ascertained and effectuated." (1 McKinney's Consol. Laws of N. Y. 106, Gen. Rules of Constr. & Interp. § 52.) " It is clear intent, not clear language, which precludes further investigation as to the interpretation of a statute." (Id. 114, § 55.) " The words of a statute are construed with reference to its subject-matter and the object sought to be obtained; and that construction is to be preferred which furthers the object, spirit and purpose of the statute. A statute should be held to have accomplished what the Legislature had in view, when the language will warrant an interpretation favorable to the apparent object." (Id. 118, § 58.) Our conclusion is that the general contractor stands as an employer and his character as such cannot be put on and off at the choice of chance or convenience.

An argument is presented that this construction should not be adopted because it takes from an injured employee his right of election granted in section 29 to sue the general contractor in negligence. This is an argument against the whole Workmen's Compensation Law and is not more tenable here.

Our attention has not been called to any provision of a compensation law in another State which is worded as is section 56. Cases are cited, however, in other States where provisions of the Workmen's Compensation Law of those States have fixed the same liability upon the general contractor for injuries to the employees of subcontractors as our statute declares; and, in some of these cases, it has been held that this liability of the general contractor is exclusive of all other liability (*White* v. *Fuller Co.*, 226 Mass. 1; *Bindbeutel* v. *Willcutt*, 244 id. 195); in others the contrary is held. (*Smale* v. *Wrought Washer Mfg. Co.*, 160 Wis. 331; *Matter of Waltz*, 79 Ind. App. 298.)

We conclude, therefore, that the defense numbered II should not have been stricken out; that, under the pleadings and the stipulated facts, it states a good defense in this action.

The order striking out defense numbered II and denying the motion to dismiss the complaint should be reversed, with costs, and the motion to strike out denied and the motion to dismiss the complaint granted, with costs.

COCHRANE, P. J., HINMAN, McCANN and DAVIS, JJ., concur.

Order striking out defense numbered II and denying motion to dismiss the complaint reversed on the law, with ten dollars costs and disbursements, and motion to strike out denied, with ten dollars costs; motion to dismiss complaint is granted, with ten dollars costs.