LENA CLARK, as Administratrix of FREDERICK E. CLARK, Deceased, Respondent, *v.* MONARCH ENGINEERING COMPANY, Appellant.

Negligence — workmen's compensation — master and servant — general contractors required to pay compensation only where subcontractor has failed to do so — general contractor must plead and prove his liability under Workmen's Compensation Law to escape common-law liability for negligence.

1. Section 56 of the Workmen's Compensation Law (Cons. Laws, ch. 67), imposing liability to pay compensation upon general contractors, still leaves the liability to secure and pay or provide compensation to an injured employee or his defendants primarily upon the subcontractor who employes him.   It places a secondary liability to pay compensation upon the general contractor only where the subcontractor has not fully met his primary liability.

2. Where, therefore, in an action against a general contractor to recover for the death of an employee of a subcontractor, through an accident occurring during the erection of a building, the defendant contends that he is relieved of common-law liability because the statute has imposed upon him the liability to provide compensation in its place and stead, he should be required to plead and prove that he is in fact under the statutory liability.   The Legislature did not intend to provide exemption to the general contractor from common-law liability, where no statutory liability is shown to have arisen.

*Clark* v. *Monarch Engineering Co.*, 222 App. Div. 713, affirmed.

(Argued March 28, 1928; decided May 1, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 7, 1927, unanimously

affirming a judgment in favor of plaintiff entered upon a verdict.

*George P. Keating, Ray M. Stanley* and *Seward H. Millener* for appellant. Plaintiff's intestate had a right of recourse against the defendant for compensation under the Workmen's Compensation Law. The existence of such a right under the act bars an action at common law. (*Ives* v. *South Buffalo Ry. Co.,* 201 N. Y. 271; *Miller* v. *North Hudson Contr. Co.,* 166 App. Div. 348; *Casey* v. *Shane Constr. Co.,* 221 App. Div. 660; *Shanahan* v. *Monarch Engineering Co.,* 219 N. Y. 469; *Carstens* v. *Pillsbury,* 172 Cal. 572; *DeWitt* v. *State,* 108 Ohio St. 513; *Pacific G. & E. Co.* v. *Industrial Acc. Comm.,* 180 Cal. 497; *Worswick Co.* v. *Industrial Acc. Comm.,* 181 Cal. 550; *Jensen* v. *South Pacific Co.,* 215 N. Y. 514.)

*Karl A. McCormick* and *Frederick G. Bagley* for respondent. Plaintiff's intestate had no right of recourse against the defendant for compensation under the Workmen's Compensation Law and that act is not a bar to this action. (*Cohen* v. *Neustadter,* 247 N. Y. 207; *Monello* v. *Klein,* 216 App. Div. 105; *Cermak* v. *Milwaukee Air Power Pump Co.,* 192 Wis. 44; *Trumbull Cliffs Furnace Co.* v. *Schachovsky,* 111 Ohio St. 791; *Ives* v. *South Buffalo Ry. Co.,* 201 N. Y. 303; *King* v. *N. Y. C. R. R. Co.,* 66 N. Y. 181; *Arc. F. Ins. Co.* v. *Austin,* 69 N. Y. 470; *Hexamer* v. *Webb,* 101 N. Y. 377; *Beach* v. *Velzy,* 238 N. Y. 101; *Matter of Zirpola* v. *Casselman,* 237 N. Y. 367; *Matter of Taylor,* 114 App. Div. 634; *Warren* v. *Morse Dry Dock & Repair Co.,* 235 N. Y. 445.)

LEHMAN, J. The plaintiff has recovered a judgment against the defendant for damages resulting from the death of plaintiff's husband caused by the alleged negligence of the defendant. At the time of the accident the plaintiff's husband was performing work, as an employee of a subcontractor, in the construction of a building. The defendant was the general contractor. Upon this

appeal the defendant directs its attack upon the judgment on the ground that the liability imposed upon a general contractor under section 56 of the Workmen's Compensation Law (Cons. Laws, ch. 67) is " exclusive and in place of any other liability whatsoever." (Workmen's Compensation Law, section 11.)

Section 10 of the Workmen's Compensation Law provides: " Liability for compensation. Every employer subject to this chapter shall   *   *   *   secure compensation to his employees and pay or provide compensation for their disability or death from injury arising out of and in the course of the employment   *   *   *." Section 11 provides: "Alternative remedy. The liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsover   *   *   *." By force of these provisions a two-fold liability was imposed upon an employer subject to the Workmen's Compensation Law. He must " secure compensation to his employees and pay or provide compensation for their disability or death from injury arising out of and in the course of the employment." Such an employer who has secured compensation is not subject to any other liability.

There can be no doubt that when these sections were enacted " an employer subject to this chapter " included only a general or special " employer " as that term is generally understood and defined in our law. A contractual relation with the employee is involved. Here the workman who sustained injury resulting in his death was employed by a subcontractor. It is not claimed that the general contractor either hired or had the right to direct him. Concededly section 10 of the Workmen's Compensation Law imposed no obligation or liability upon a general contractor in favor of the employees of a subcontractor.

Section 56 of the Workmen's Compensation Law enacted in 1922, did impose a liability theretofore unknown

in our law upon a general contractor. That section provides: " Subcontractors. A contractor, the subject of whose contract is, involves or includes a hazardous employment, who subcontracts all or any part of such contract shall be liable for and shall pay compensation to any employee injured whose injury arises out of and in the course of such hazardous employment, unless the subcontractor primarily liable therefor has secured compensation for such employee so injured as provided in this chapter." That section still leaves liability *to secure and pay or provide con.pensation* to an injured employee or his dependents primarily upon the subcontractor who employed him. It places, however, a secondary liability *to pay compensation* upon the general contractor unless the subcontractor has fully met his primary liability. The defendant maintains that this new and secondary liability of the general contractor is exclusive and destroys any common-law right of action for negligence or wrong which might otherwise exist.

If the Legislature intended that such secondary liability should be exclusive it has not expressed that intent, as it might have done, in clear terms. We are asked to apply the provisions of section 11 of the Workmen's Compensation Law to the new liability created by section 56 of the law, though in terms section 11 applies only to " the liability * * * prescribed by the last preceding section." Arguments in favor of such an extension of the provisions of section 11 of the Workmen's Compensation Law are not without some force. Other States have enacted workmen's compensation laws which, like our own, impose some liability on a general contractor for injuries to the employees of subcontractors. In some jurisdictions the courts have held that the liability imposed by statute upon the general contractor is exclusive and in place of any common-law liability for wrong or negligence. (*Maryland* v. *Bennett Building Co.*, 154 Md. 159; *Bindbeutel* v. *Willcutt & Sons Co.*, 244 Mass.

195.) The courts in other jurisdictions have not always reached the same conclusion. (*Trumbull Cliffs Furnace Co.* v. *Schachovsky*, 111 Ohio St. 791; *Cermak* v. *Milwaukee A. P. P. Co.*, 192 Wis. 44.) We do not analyze these decisions; for in each case the decision arrived at must finally depend upon the construction which the courts place upon the language of the particular statute or clause of the Constitution under consideration and the statutes and Constitutions of other States are not identical with our own.

The question before us is indeed narrower than that which counsel in this case have argued. The liability imposed by section 10 upon every " employer " is primary and absolute. The liability imposed upon a general contractor is secondary and contingent. Where the subcontractor has secured compensation for his employees, a general contractor is under no statutory liability. Section 56 has no application in such case. Here there is neither plea nor proof by the defendant that the subcontractor failed to secure compensation. The question before us is not whether a general contractor who is under a liability to pay statutory compensation to an " employee," because the subcontractor primarily liable therefor has failed to secure compensation, is also subject to common-law liability for negligence or wrong. The question is whether the common-law liability no longer exists even though it does not appear that the general contractor in this particular case is under any statutory liability. We consider at this time no other question.

It is true that the language of section 56 may indicate that when claim to compensation is asserted by an employee against a general contractor, the burden of showing that the subcontractor primarily liable had secured compensation is thrown upon the general contractor. (*Monello* v. *Klein*, 216 App. Div. 105; *Casey* v. *Shane*, 221 App. Div. 660.) We do not pass upon such question now. Where, however, the general contractor asserts that he

is relieved of a common-law liability because the statute has imposed upon him a new liability in its place and stead, he should at least plead and prove that he is in fact under the statutory liability. (*Trumbull Cliffs Furnace Co.* v. *Schachlovsky, supra; Cermak* v. *Milwaukee A. P. P. Co., supra.*) Caution may dictate to a general contractor that he should insure himself against a contingency that, by reason of the failure of the subcontractor to secure compensation, liability against the general contractor may arise; yet until that contingency arises the general contractor is under no statutory liability to an employee of the subcontractor. He must respond only for damages caused by his own negligence or wrong. It seems to us quite clear that the Legislature did not intend to provide exemption to the general contractor from common-law liability, at least where no statutory liability is shown to have arisen. We do not decide whether a statutory liability, when it arises, may exist contemporaneously with a common-law liability.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed.