THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MAX BECKERMAN and ANSEL FELDSTEIN, Appellants.— Judgment of conviction of the Court of Special Sessions of the city of New York, borough of Brooklyn, reversed upon the law and the facts and new trial ordered. (1) The court committed errors in admitting proof of other alleged crimes and in denying motion (at folio 225) to strike out testimony of the witness Zeleny. (2) The proof was insufficient in law to sustain a conviction under section 439 of the Penal Law,* based upon the 2d clause in the information, which concerned the offense denounced in the 4th clause of the statute, in that there was no competent proof that Kalman had authority to procure articles either by purchase or contract for the Hess Company. (3) The error with respect to the testimony was prejudicial and may have been determinative of the question of fact involved in the 1st clause of the information, which related to an offense denounced in the 1st clause of the statute, although it may be that the conviction was based upon a finding, without support in the evidence, against the defendants under the 4th clause of the statute. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER MARAGOPOULOS, Appellant.— Judgment of conviction of the County Court of Queens county unanimously affirmed. No opinion. Present — Lazansky, P. J., Rich, Kapper, Carswell and Scudder, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. A. HENRY MOTLEY, Appellant, v. JOHN ZIVALY or Any Other Person Having Custody of A. HENRY MOTLEY, Respondent.— Order dismissing writ of habeas corpus and directing that the relator be delivered to the custody of the representative of the State of Wisconsin affirmed No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur

MORRIS ROSENBERG, Appellant, v. ZURICH GENERAL ACCIDENT & LIABILITY INSURANCE COMPANY, LIMITED, Respondent.†— Judgment unanimously affirmed, with costs. We do not consider *Ciappa* v. *Rosenberg* (242 N. Y. 498) controlling, because in that case only steel demolition was excluded from coverage, while here no demolition is covered. Present — Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ.

WHITTON AUTOMOTIVE PARTS COMPANY, Respondent, v. YALE ELECTRIC CORPORATION, Appellant. (Appeal No. 3.) — Order denying motion to vacate or limit notice of examination before trial modified by disallowing item 5, and as so modified affirmed, without costs; examination to proceed at same place and hour on five days' notice. We are of opinion that there is no basis in the record for an examination as to the writing of other communications similar to the letters constituting the various causes of action sued upon. Lazansky, P. J., Rich, Young, Kapper and Carswell, JJ., concur.

---

* Since amended by Laws of 1930, chap. 409.　　† Affd., 254 N. Y. ——.