In the Matter of the Claim of CARMINE PASSARELLI, Respondent, against COLUMBIA ENGINEERING AND CONTRACTING Co., INC., et al., Respondents, and HOME INDEMNITY COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

(Argued January 8, 1936; decided March 3, 1936.)

*T. Carlyle Jones* and *Anthony Bruce* for appellant. The policy of insurance issued to the subcontractor did not cover the employees of the sub-subcontractor, and the insurance company cannot, therefore, be held to pay compensation to an employee of the sub-subcontractor. It is not compulsory under the Workmen's Compensation Law (Cons. Laws, ch. 67) for a contractor to insure the employees of its subcontractor. (*Monello* v. *K ein*, 216 App. Div. 105; *C ark* v. *Monarch Engineering Co.*, 248 N. Y. 107; *Ferro* v. *Sinsheimer Estates*, 256 N. Y. 398; *Matter of Lonky* v. *Rapid Constr. Co.*, 241 App. Div. 901.) To hold the contractor's insurance carrier liable for injuries to employees of the subcontractor, the subcontractor's work must be the kind of work insured in the policy. (*Nieder* v. *Busch & Sons, Inc.*, 238 App. Div. 885; 262 N. Y. 656.) Where the employer returns the policy to the insurance company as not wanted, notice of cancellation under section 54 of the Workmen's Compensation Law is not required — it is only where the carrier requests a cancellation that such notice is required. (*Coopersmith* v. *Silverstein & Wallin*, 14 S. D. Rep. 613.)

*John J. Bennett, Jr., Attorney-General* (*Hector A. Robichon* of counsel), for State Industrial Board, respondent. The attempted cancellation " flat " after the accident was ineffectual. (*Matter of Gordon* v. *Walker*, 233 App. Div. 784; *Hamberger* v. *Wolfe-Smith Co.*, 205 App. Div. 739; *Matter of Teufel* v. *Lido Club Hotel, Inc.*, 228 App. Div. 870; *Matter of Arner* v. *Manhattan Spring & Couch Co.*, 264 N. Y. 501; *Lawrence* v. *Fox*, 20 N. Y. 268.) The Industrial Board properly found that the employees of the subcontractor were covered. (*Yeannelis* v. *Menides*, 233 App. Div. 783; 259 N. Y. 513.) The construction on which the claimant was injured and which was being performed by the subcontractors of another subcontractor under his personal supervision,

was embraced within the provisions of the policy covering the latter. (*Matter of Smith* v. *Price*, 168 App. Div. 421; *Matter of Ciappa* v. *Rosenberg*, 242 N. Y. 498; *Matter of Wingen* v. *Fleischman*, 252 N. Y. 114; *Matter of Lonky* v. *Rapid Construction Co.*, 241 App. Div. 901.)

*Jeremiah F. Connor* for Columbia Engineering and Contracting Co., Inc., et al., respondents. The work in which the subcontractor was engaged at the time of the accident is embraced within the provisions of the policy. (*Matter of Smith* v. *Price*, 168 App. Div. 421; *Matter of Ciappa* v. *Rosenberg*, 214 App. Div. 744; 242 N. Y. 498; *Matter of Wingen* v. *Fleischman*, 252 N. Y. 114; *Matter of Costello* v. *Taylor*, 217 N. Y. 179; *Matter of Lonky* v. *Rapid Constr. Co.*, 241 App. Div. 901.) The policy having been in force at the time of the accident, could not be canceled as of the date of its issue, and the act of the company in canceling the policy was in conflict with section 54 of the Workmen's Compensation Law, and was a nullity. (*Matter of Arner* v. *Manhattan Spring & Couch Co.*, 240 App. Div. 924; 264 N. Y. 501; *Matter of Teufel* v. *Lido Club Hotel, Inc.*, 228 App. Div. 870; *Matter of Gordon* v. *Walker*, 233 App. Div. 784.)

FINCH, J. The Columbia Engineering and Contracting Co., Inc., had a general contract for the construction of the White Plains-Tarrytown road. The Metropolitan Casualty Insurance Company insured it against liability under the Workmen's Compensation Law (Cons. Laws, ch. 67). The policy covered construction but excluded excavation and other dangerous and hazardous work. Emil Eklund had a subcontract with the Columbia Company " for lifting and hauling of the rock and dirt." Eklund had insurance with the Southern Surety Company, which insurance was subsequently reinsured by the Home Indemnity Company. This policy covered trucking and included drivers, chauffeurs, helpers, stablemen, garage men, blacksmiths and riggers. Clerical office and warehouse employees were excluded. Eklund contracted

with Baker & Yettman, Inc., for the part of his contract which involved steam shovel excavations. Baker & Yettman had no compensation insurance. They employed the claimant, Passarelli.

Summing up the situation, we find the Columbia Company, the general contractor, insured by the Metropolitan Casualty Company under a policy which does not cover excavations. Eklund, the subcontractor, for lifting and hauling rock and dirt, was insured by the Southern Surety Company (reinsured by the Home Indemnity Company) under a policy covering trucking and including drivers, helpers, riggers etc. Baker & Yettman, employer of the claimant Passarelli, were subcontractors of the subcontractor or sub-subcontractors of the original contractor, carrying no insurance.

We are concerned here only with Eklund, his insurance carrier, Home Indemnity Company, and the claimant Passarelli, as an employee of Baker & Yettman. On November 17, 1931, the claimant Passarelli was engaged in work being done by Baker & Yettman under their contract. Passarelli was a fireman on the steam shovel and was in the vicinity of the shovel when a nearby rock wall suddenly collapsed and fell against him fracturing his leg and killing Baker of Baker & Yettman. On December 2, 1931, Eklund reported the accident to his broker and the report was eventually sent to the Southern Surety Company. Because of the accident Eklund abandoned his contract and attempted to surrender the policy. The Appellate Division (244 App. Div. 850) has unanimously affirmed an award to Passarelli against the Home Indemnity Company, the reinsurer of Eklund. This court has granted leave to appeal to the Home Indemnity Company.

The Home Indemnity Company denies liability on a number of grounds. It is contended that the policy issued to Eklund was canceled " flat " and, therefore, the company is not liable on the policy. The insurance

company claims that no premium was ever paid for the policy, that after the accident Eklund stated that he did not want the policy and that he wanted the company to waive its premiums, and that the policy was canceled.

The insurance company cannot be relieved from liability on the policy by such a cancellation. Section 54 (subd. 5) of the Workmen's Compensation Law is applicable. That section provides that no insurance policy issued against liability arising under the Workmen's Compensation Law shall be canceled within the time limited in such contract for its expiration until at least ten days after notice of cancellation shall be filed in the office of the Commissioner and also served on the employer. The insurance company urges that, since the statute requires notice to the employer as well as to the Commissioner, it only applies where cancellation is sought by an insurance company and not where the employer seeks the cancellation. The section must be given a broader construction. In *Matter of Tuefel* v. *Lido Club Hotel, Inc.* (228 App. Div. 870) an employer, by mistake, obtained insurance from two companies instead of one. Cancellation of one of these policies was requested by the employer after the claimant was injured. An award against both carriers was affirmed because the policy could not be canceled " flat," ten days' notice being necessary under the statute. This court denied leave to appeal. A like conclusion was reached in *Matter of Gordon* v. *Walker* (233 App. Div. 784). (Cf. *Matter of Arner* v. *Manhattan Spring & Couch Co.*, 264 N. Y. 501.)

The second point raised by the insurance company is that the policy issued to Eklund did not insure the employees of Baker & Yettman, the subcontractor of Eklund and the sub-subcontractor of the Columbia Company, the original contractor. There are findings by the Industrial Board that Passarelli was an employee of Baker & Yettman and that that firm carried no compensation insurance. Section 56 of the Workmen's Compensation Law provides that a contractor whose contract involves

hazardous employment shall be liable to pay compensation to employees of his subcontractor unless the subcontractor primarily liable has secured compensation insurance for such employees. Obviously this section applies as well between Eklund, the subcontractor, and his subcontractor, Baker & Yettman, as it does between a general contractor and his subcontractor. Consequently Eklund is liable for compensation to the employees of his subcontractor, Baker & Yettman. The Home Indemnity Company, the insurer of Eklund, however, is not liable to the claimant unless the policy specifically includes not only the direct employees of Eklund but also the employees of his subcontractor. (*Monello v. Klein*, 216 App. Div. 105.) There is no such proof in the record. The policy has not been put in evidence. In this record we have only an application by Eklund for compensation insurance.

It is urged that the employees of Baker & Yettman can recover on the policy issued to Eklund even though that policy does not *eo nomine* cover them. It is pointed out that section 54 (subd. 4) of the Workmen's Compensation Law provides that every policy of insurance " issued by an insurance carrier covering the liability of an employer for the payment of the compensation provided by this chapter shall be deemed to include all employees of the employer employed at or in connection with the business of the employer carried on, maintained, or operated at the location or locations set forth in such contract or agreement, unless any such employee or employees, or class of employees, shall by the terms of such contract or agreement be expressly excluded therefrom," and that section 56 of that statute makes the contractor liable for compensation to the employees of his subcontractor whenever such subcontractor has failed to obtain compensation insurance. From this it is concluded that the employees of Baker & Yettman are " employees " of Eklund and may recover on the policy issued to Eklund whether or not it expressly covers them

so long as it does not expressly exclude them. But section 54 (subd. 4) does not extend the insurance coverage beyond those who are in the immediate employ of the contractor. The word "employee" denotes contractual relationship. Consequently it cannot be held that the employees of Baker & Yettman are also employees of Eklund and, therefore, entitled to compensation under a policy covering only the employees of Eklund. The liability of the contractor to employees of his subcontractor is a secondary one imposed upon him by law. That this does not cause the relationship of employer-employee to spring up has been recognized by this court in *Clark* v. *Monarch Engineering Co.* (248 N. Y. 107) where it was held that a contractor is liable for his negligence to an employee of a subcontractor although the statute now limits an employee solely to his remedy under the Workmen's Compensation Law and does not permit him to maintain a common law action in negligence against his employer.

Nor can it be held that the objection that the policy does not cover employees of Baker & Yettman was waived by failure to raise the point at the hearings. At one time the attorney for the appellant stated, "But we specifically deny that we had any policy in effect * * * covering this alleged accident or any of the parties alleged to be in interest here." This language, although not precise, was adequate to raise the objection.

The application for insurance shows that the policy was to cover trucking and to include not only drivers and garage men but also helpers and riggers, excluding only clerical office and storage warehouse employees. It may well appear when the policy is in evidence that the operation of the steam shovel in connection with the process of loading was incidental to the coverage of the policy and the claimant entitled to an award against the appellant if the policy covers employees of Baker & Yettman. (*Matter of Ciappa* v. *Rosenberg,* 242 N. Y. 498.)

Whether or not the policy covers the employees of Baker & Yettman can readily be determined by the production of the policy at a rehearing.

The order of the Appellate Division and the award of the State Industrial Board should be reversed, without costs, and the claim remitted to the State Industrial Board for a new hearing.

· CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Ordered accordingly.