JOHN P. SWEEZEY, Appellant, *v.* ARC ELECTRICAL CONSTRUCTION Co., INC., Respondent.

Second Department, November 1, 1943.

Paul Koch (*Morris Zweibel* and *Robert X. Kuzmier* with him on the brief), for appellant.

*Patrick E. Gibbons* and *E. C. Sherwood* for respondent.

HAGARTY, J.   Defendant, on the 25th day of August, 1941, sublet part of its contract to construct a power house.  Plaintiff was injured on the 8th day of December, 1941, while in the employ of the subcontractor on the project.  This action is against defendant, as a party "not in the same employ," pursuant to the provisions of section 29 of the Workmen's Compensation Law.  It is alleged, in substance, that defendant was negligent in its supervision and failure to provide plaintiff with a safe place to work.  By way of affirmative defense, defendant invokes section 56 of the Workmen's Compensation Law and pleads that no action at law can be maintained by plaintiff.  The order we are reviewing denies plaintiff's motion to strike out this defense.

Section 56, originally enacted in 1922, has been amended from time to time, but without effect upon the present issue. As of the time of the accident, the section provided, in substance (L. 1939, ch. 541), that a contractor, the subject of whose contract involves a hazardous employment, who subcontracts any part of such contract, shall be liable for and pay compensation to any injured employee of his subcontractor whose injury arises out of and in the course of such hazardous employment, unless the subcontractor primarily liable therefor has secured compensation for injuries to all employees employed to perform work under the subcontract as provided " in this chapter." Any contractor, or his insurance carrier, who shall become liable for the payment of compensation to an employee or the dependents of a deceased employee of his subcontractor, pursuant to the provisions of the section, may recover the amount of such compensation paid or for which liability is incurred from the subcontractor primarily liable for such compensation.

The defendant alleges that all the contingencies which render it liable for such compensation pursuant to the statute have been fulfilled and, particularly, that the subcontractor failed to provide such compensation. It claims that the remedy afforded plaintiff by way of compensation is exclusive and, therefore, that a common-law action predicated upon negligence cannot be maintained against it. Plaintiff, on the other hand, urges that the liability of the defendant pursuant to the statute is that of guarantor of the obligation of the subcontractor and is in addition to its common-law liability for negligence.

The issue presented was expressly left undecided in *Clark* v. *Monarch Engineering Co.* (248 N. Y. 107, 111). There, in a similar action, the defendant general contractor did not allege that its subcontractor had failed to secure compensation. LEHMAN, J. wrote for the court: " The question before us is not whether a general contractor who is under a liability to pay statutory compensation to an ' employee,' because the subcontractor primarily liable therefor has failed to secure compensation, is also subject to common-law liability for negligence or wrong. The question is whether the common-law liability no longer exists even though it does not appear that the general contractor in this particular case is under any statutory liability. We consider at this time no other question." It was held that in the absence of such showing, at least, the common-law liability of a general contractor continued. To the same effect is *Casey* v. *Shane* (221 App. Div. 660, revd. 248 N. Y. 625),

wherein it was stipulated that the subcontractor had secured compensation insurance covering his employees.

When a general contractor incurs the statutory liability, the remedy thus afforded the employee, in my opinion, is exclusive and not cumulative or an alternative to the common-law remedy. The constitutionality of the statutory liability has been upheld. (*Matter of Anttonen* v. *Laakso Builders, Inc.,* 261 N. Y. 545; *Matter of Passarelli* v. *Columbia E. & C. Co.,* 270 N. Y. 68, 74, 75; *Monello* v. *Klein,* 216 App. Div. 105.) Statutory liability necessarily must be based upon the premise that a general contractor, under the circumstances, is an employer of the subcontractor's employees.

A comparison of the holdings in *Ives* v. *South Buffalo Ry. Co.* (201 N. Y. 271) and *Matter of Jensen* v. *Southern Pacific Co.* (215 N. Y. 514) makes clear that the constitutionality of the Workmen's Compensation Law, enacted in accordance with the constitutional provision of 1913 (N. Y. Const. art. I, § 18, formerly art. I, § 19) was upheld only because of specific limitations upon and compensations therein provided for the taking of property of an employer to compensate an injured employee, notwithstanding the freedom from fault on the part of the employer. The constitutional provision adopted after the original compensation law was held unconstitutional reserved to the Legislature the power to enact laws for the payment by employers of compensation for injuries or death of employees without regard to fault, to " provide that the right of such compensation, and the remedy therefor shall be exclusive of all other rights and remedies for injuries to employees or for death resulting from such injuries " and to provide that the amount of compensation for death should not exceed a fixed amount. These reservations were conditioned on the provision " that all moneys paid by an employer to his employees or their legal representatives, by reason of the enactment of any of the laws herein authorized, shall be held to be a proper charge in the cost of operating the business of the employer." The constitutional provision envisioned an exclusive remedy afforded employees, the cost of which could be included in the operation of the employer's business. The Workmen's Compensation Law was enacted in consonance with these express reservations. " Every employer subject to this chapter shall in accordance with this chapter, * * * secure compensation to his employees * * *." (§ 10.) " The liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsoever, to such employee;

\* \* \*.'' (§ 11.) In the *Jensen* case (*supra*) MILLER, J., contrasted the original unconstitutional statute with the present statute and observed (p. 524): '' That act made no attempt to distribute the burden, but subjected the employer to a suit for damages. This act does in fact as well as in theory distribute the burden equitably over the industries affected. It allows compensation only for loss of earning power, but by the creation of a State insurance fund, or by the substitute methods provided, it insures the prompt receipt by the injured employee or his dependents of a certain sum undiminished by the expenses of litigation. The two acts are, therefore, so plainly dissimilar that the decision in the *Ives* case is not controlling in this.'' Thus it seems to be clear that, as a constitutional prerequisite to statutory liability, the relationship of employer and employee must obtain and that such liability be deemed exclusive.

Even were it to be assumed that such cumulative or alternative remedies constitutionally could be pursued against an employer, sections 56 and 10 and 11 of the Workmen's Compensation Law must be read *in pari materia*. Section 10 requires an employer to secure compensation and section 11 provides that the liability of an employer prescribed in section 10 shall be exclusive and, in the event that the employer fails to secure the payment of compensation, an injured employee may, at his option, claim compensation or maintain an action for damages, in which action the employer would be precluded from pleading contributory negligence, the fellow-servant rule or the doctrine of assumption of risk. Judge LEHMAN points out in *Clark* v. *Monarch Engineering Co.* (248 N. Y. 107, 110, *supra*) that the secondary liability of the contractor under section 56 is to *pay* compensation rather than to *secure* compensation and that '' If the Legislature intended that such secondary liability should be exclusive it has not expressed that intent, as it might have done, in clear terms.'' The distinction between an obligation to pay and an obligation to secure compensation would be material if it were to be held that sections 10 and 11 were inapplicable in construing section 56. If the obligation of the general contractor under section 56 were merely to pay rather than to secure payment of compensation (see § 50), and the provisions of sections 10 and 11 were inapplicable, the result would be that, save for the constitutional question, the injured employee would have an election to hold the general contractor for an award of compensation or to bring a common-law action founded on negligence, but would have no right to maintain the statutory action in which the general contractor would be deprived of the common-law defenses.

In the light of the pervasive language of section 10, however, embracing, as it does, "Every employer subject to this chapter * * * ". I am of opinion that it is controlling in the absence of express language to the contrary in section 56, to the end that the obligation of a general contractor as employer, when the contingencies of section 56 prevail, is to secure payment of compensation and that the remedy thus afforded is exclusive. It was the intention of the Legislature, in passing the Workmen's Compensation Law, " to substitute one remedy for another." (*Warren* v. *Morse Dry Dock & Repair Co.*, 235 N. Y. 445, 448.) In fine, the exclusive remedy is by way of compensation or, in the event of failure to secure compensation when required, the election afforded under section 11.

In the *Passarelli* case (270 N. Y. 68, *supra*) it was held that the term " employee " as used in section 54, subdivision 4, of the Workmen's Compensation Law, was restricted to the conventional employee and did not include, as to a general contractor, employees of the latter's subcontractor. The construction of that word as so used must be distinguished, however, from the construction to be placed on the phrase " Every employer subject to this chapter * * *." It will be noted, moreover, that after the determination in the *Passarelli* case, section 54, subdivision 4, was amended and the term " employer " therein now applies to both conventional employees " and employees for whose injuries a contractor may become liable under the provisions of section fifty-six of this chapter." (L. 1939, ch. 404.)

It may be argued that, if section 56 be construed to restrict an injured employee to the remedies available to one on whose behalf an employer is obliged to secure compensation, an injustice may result in that a general contractor, although negligent, may be held only for a compensation award and even then recoup as against the subcontractor. The distinction, however, between an employee of a subcontractor and the conventional employee of a general contractor, working on the same project, is technical, and any contention in support of a right in the employee of a subcontractor to elect between compensation and the bringing of a common-law action as against the general contractor is directed, in effect, against the philosophy of the Workmen's Compensation Law itself.

The order should be affirmed, with ten dollars costs and disbursements.

CLOSE, P. J., CARSWELL, JOHNSTON and TAYLOR, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.