■ In the Matter of the Claim of HENRY JOHNSON, Respondent, v. WILLIAM BRIGGS et al., Respondents, and UNINSURED EMPLOYERS' FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— GREENBLOTT, J. Appeal from decisions of the Workmen's Compensation Board, filed March 11, 1969 and August 13, 1969, which awarded claimant benefits against the Uninsured Employers' Fund under section 26-a of the Workmen's Compensation Law. Claimant truck driver suffered a broken leg on June 28, 1965 while working for William Briggs, an uninsured employer. Briggs had contracted with Staggs Warehousing Distributing Company for the handling of certain material which Staggs had contracted to deliver for Harrington and King Perforating Company. Claimant was awarded compensation against his uninsured employer, Briggs, for the injury sustained while he was delivering the Harrington merchandise. Section 56 of the Workmen's Compensation Law provides in substance, that a contractor who subcontracts all or any part of a contract involving hazardous employment is liable for compensation to any employee of the subcontractor who is injured in the course of such hazardous employment. The liability of the contractor is secondary, primary responsibility resting on the subcontractor (*Sweezey* v. *Arc Elec. Constr. Co.*, 295 N. Y. 306). The burden on the contractor arises only when the subcontractor has failed to provide compensation for the injured employee (*Casey* v. *Shane*, 221 App. Div. 660). It has been established by prior decision that Briggs was an independent contractor and that claimant was his employee at the time of the accident. The board, however, in a conclusory statement not disclosing the basis of its finding, determined that Briggs was not a subcontractor and therefore that Staggs could not be held responsible for benefits. It is argued that Briggs' status as an independent contractor precludes him from being a subcontractor within the meaning of the statute. We disagree. The fact that Briggs' status precludes him from coverage under Staggs' policy is irrelevant to the issue of Staggs' liability for compensation due Briggs' employee. The argument implicit in respondent's contention that Briggs' status is a defense here is that " independent contractor" and "subcontractor" are exclusive categories. The con-

trary is settled law (*Matter of Bassett* v. *Van de Bogart & Decker*, 221 App. Div. 606). Section 56 is clearly applicable. (See *Matter of Green* v. *Continental Transp. Lines*, 13 A D 2d 564; *Matter of Anslow* v. *Spring*, 272 App. Div. 1091.) Decisions reversed, and claim remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellant against respondent contractor and its carrier. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.