■ VINCENT DE MOLA, Respondent, v NICHOLAS RICCIO et al., Doing Business as NICK'S AUTO SALES AND BACKER TIRE CO., INC., et al., Appellants, and A & M AUTO WRECKERS, INC., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed July 9, 1976, as amended January 27, 1977. Claimant was injured in the course of his employment for A & M Auto Wreckers (A & M) on February 23 and May 8, 1973. A & M was uninsured against workmen's compensation liability. The board has found that the appellants, Nick's Auto Sales and Backer Tire Co., Inc., are liable, pursuant to section 56 of the Workmen's Compensation Law, to pay the compensation owing to claimant. The appellants secured contracts by bid from the City of New York to remove abandoned vehicles from the streets. Appellants did not have the employees or equipment necessary to do the work. They hired A & M and several other automobile towing and wrecking companies to remove the vehicles. The only consideration received by A & M (and the other towing companies) was the right to keep each vehicle it removed. The February 23 injury occurred when claimant was towing a vehicle which had been removed from the streets and taken to A & M's yard in The Bronx. Claimant was hauling it from the yard to a scrap mill (where it was to be sold) when he was injured in a collision. Appellants contend that at the time of this collision claimant was not engaged in employment which was the subject of the contract between the appellants and the city. The abandoned vehicle had already been removed from the street and received in A & M's yard. Appellants urge that the trip from A & M's yard to the scrap mill was solely A & M's affair, undertaken merely to "cash in" A & M's fee for removing the vehicle from the streets. In *Casey v Shane* (221 App Div 660, 664-665, revd on other grounds 248 NY 625) this court noted the purpose of section 56 of the Workmen's Compensation Law: "That a general contractor should stand as an employer of all men employed in work on his contract

has a basis in reason. All these employees are engaged in one common enterprise; they are working in his business and in his interest; in a real sense all the employees are engaged in the same 'employ'" (citation omitted). (See, also, *Clark v Monarch Eng. Co.,* 129 Misc 145, 148, affd 222 App Div 713, affd 248 NY 107.) In the case at bar the "common enterprise" connecting contractors with subcontractors was removing abandoned vehicles at a profit. Part of the reason the appellant contractors were able to make a profit was their right to sell the vehicles they removed. Instead of acquiring their own trucks and employees directly, appellant contractors secured the services of A & M by surrendering to it the right to sell the junk cars. The general rule in other States having a provision similar to section 56 is that "the statute covers all situations in which work is accomplished which this employer, or employers in a similar business would ordinarily do through [its own] employees." (1A Larson, Workmen's Compensation Law, § 49.12.) Delivering the vehicles to the scrap mill was an essential part of the common enterprise of abandoned vehicle removal. The appellants, by virtue of their contract with the city, were in the business of vehicle removal. An employer in the vehicle towing and wrecking business would ordinarily carry out the work through its own employees. The work done by claimant must therefore be deemed within the ambit of section 56 of the Workmen's Compensation Law. Insofar as the accident of May 6, the same result follows. Claimant was injured while repairing one of A & M's tow trucks. At the time, A & M was engaged exclusively in removing vehicles in accordance with its contract with appellants. Decision affirmed, with costs to the Workmen's Compensation Board. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.