■ TUDOR INSURANCE COMPANY, Appellant, v NARAYAN SUNDARESEN et al., Respondents, et al., Defendants. [39 NYS3d 775]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered April 9, 2015, which denied plaintiff insurer's motion for summary judgment declaring that it has no duty to defend or indemnify the Sundaresen defendants in the underlying personal injury action, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment declaring that plaintiff has no duty to defend or indemnify the Sundaresen defendants in the underlying personal injury action.

The "Contractor or Subcontractor Limitation" endorsement within the insurance policy issued by plaintiff bars coverage of the underlying personal injury action. That endorsement bars

coverage of "bodily injury" to, among others, "a contractor or subcontractor of the insured" (the exclusion). The evidence shows that the injured worker who brought the underlying action was hired by either the Sundaresen defendants (the insureds and owners of the premises) or defendant Excell (the general contractor). Accordingly, he was a "contractor or subcontractor of the insured" for the purposes of the exclusion. That the injured worker might be an independent contractor does not preclude him from being considered a contractor or subcontractor for purposes of the exclusion, since the terms "contractor" and "subcontractor" are not mutually exclusive and can include independent contractors (*see Century Sur. Co. v Franchise Contrs., LLC*, 2016 WL 1030134, \*8, 2016 US Dist LEXIS 31271, \*21-22 [SD NY, Mar. 10, 2016, 14 Civ 277 (NRB)], citing *Matter of Johnson v Briggs*, 34 AD2d 1068, 1068-1069 [3d Dept 1970]).

We have considered the Sundaresen defendants' remaining arguments and find them unavailing. Concur—Acosta, J.P., Renwick, Saxe, Feinman and Kahn, JJ.