WILLIAM DeLEE, Respondent, v. T. J. PARDY CONSTRUCTION COMPANY, Appellant.

Third Department, January 17, 1928.

Master and servant — negligence — persons liable — action against general contractor to recover for injuries suffered when scaffolding in building under construction fell on plaintiff — plaintiff was employee of sub-contractor — scaffolding was erected by another subcontractor — defendant's general superintendent had general charge to see that terms of contract were complied with — defendant was required to use reasonable care to protect plaintiff — fact that defendant's superintendent told employees of another subcontractor that they might use scaffolding and that he directed re-erection of scaffolding after it fell, does not show control by defendant — negligence not shown — Labor Law, § 240, is not applicable.

The plaintiff, an employee of a subcontractor holding a subcontract on the erection of a building, was injured when a scaffolding that had been erected by another subcontractor, from materials furnished by him, fell on plaintiff. The defendant was the general contractor for the construction of the building and had at the building a superintendent whose duty it was to see that the building was erected in accordance with the plans and specifications. No claim was made that the scaffolding was not properly erected or that defective materials were used therein. The scaffolding was erected by a subcontractor who held a contract to do the metal, lathing and plastering work, and a short time before the accident employees of the painting subcontractor, being ready to paint at the place where the scaffolding was erected, and being unable to erect their own scaffolding, asked the general superintendent if it would be all right to use the scaffolding erected by the other subcontractor, and they were told by the general superintendent that he thought it would be all right, and thereafter several painters used the scaffolding. No cause for the fall of the scaffolding is shown, unless possibly it was due to overloading because of the extra men thereon.

The plaintiff was an invitee on the premises and the defendant was there for business purposes, and, under the circumstances, the only duty imposed upon the defendant was to use reasonable care not to injure the plaintiff. The evidence shows that defendant did use reasonable care.

The defendant did not make itself responsible for the accident by the act of its superintendent in stating to employees of the painting subcontractor that it would be all right to use the scaffolding which had been erected by the other subcontractor, for the effect of that statement was merely to assure the employees that the other subcontractor would not object to the use of the scaffolding.

Nor can the defendant be held liable on the ground that, after the scaffolding fell, the general superintendent directed that it be immediately re-erected.

The defendant cannot be subjected to liability by section 240 of the Labor Law, for it did not furnish, erect or cause to be furnished or erected the scaffold which fell.

Cochrane, P. J., and Davis, J., dissent, with memorandum.

Appeal by the defendant from a judgment and an order of the Supreme Court, entered in the office of the clerk of the county of Rensselaer on the 11th day of April, 1927.

*John J. Scully,* for the appellant.

*John F. Murray* and *William H. Murray* [*William H. Murray* of counsel], for the respondent.

Van Kirk, J. The defendant took a contract from the owner to erect a building. It sublet the metal, lathing and plastering work to Thornton & Tynan; the painting to Martin Kehoe; and the electrical work to Gordon L. Hayes. Each of these parties furnished the necessary tools, implements and equipment for their work, including the ladders and materials for staging. The owner had employed an architect, Harold Holmes, and an inspector, Kaiser. Mr. Lynch was the superintendent of construction employed by defendant.

The plaintiff was an employee of Hayes, doing electrical work. He alleges a cause of action grounded either in negligence or nuisance. At the close of plaintiff's case, at the request of defendant's counsel, plaintiff elected to proceed in negligence and the action was so tried and submitted. Neither in the complaint nor the answer is any reference made to the Workmen's Compensation Law, or section 56 thereof. No motion on the pleadings for dismissal or otherwise was made. On the trial no suggestion of the rights of the parties under the Workmen's Compensation Law was introduced, either by exception, or by request to charge; nor are such rights presented on this appeal. The law of the case, therefore, is that this is a negligence action brought by an employee of a subcontractor against the general contractor. While the general contractor stands as an employer in respect to one hired by a subcontractor, if the general contractor has not secured payment of compensation to such employee, he may bring a third party action against the general contractor. (Workmen's Compensation Law, §§ 56, 11; *Casey* v. *Shane,* 221 App. Div. 660.) Since no reference is made to the question whether or not the general contractor had secured compensation to the plaintiff, it is not necessary or us to determine where the burden of proof rests in respect to that question.

The defendant was to do all the work on the job, except those parts sublet to the parties as above specified. Defendant's superintendent Lynch had general charge to see that the building was constructed in accordance with the plans and specifications and " to see that the work goes along smoothly to final completion." At the time of the accident the walls and ceiling of the first story had been erected and a rough floor laid. Through the center of this there was a passageway, used when occasion arose by those employed in constructing the building. A scaffold or staging had been erected on this floor by Thornton & Tynan. This staging was constructed from materials brought by them and solely under their direction. Employees of Kehoe had brought ladders and materials for the necessary scaffolds. Plaintiff's witness Murphy testified that he was directed by Kehoe or his foreman to paint this ceiling; that he was going to put up a scaffold, but the plasterers had erected scaffolds which occupied the whole available space and " I couldn't get at it." So he " asked Mr. Lynch if it was all right to go up there, and he told me yes. And I thought I would take advantage of them two bays with that scaffold while it was there." He did not recollect whether his foreman, Arthur Zeek, went up on the scaffold with him. They used this scaffold when painting most of the ceiling. At the time the scaffold fell there were some seven or eight plasterers and five or six painters on this scaffold, which at the time was about fifty or sixty feet long. The plaintiff was passing through the passageway on the first floor when the scaffold, as he expresses it, " just shifted right to the rear and collapsed, the whole scaffold; " and he received his injuries. He says he did not know what caused the scaffold to fall. He had been under this scaffold before. It had been used some five or six days before the accident. There is no proof in the case suggesting any cause for the fall of the scaffold, unless it be the overloading by the weight of the extra men thereon. No fault in the construction is mentioned and no defects in the materials used. The passageway was in a reasonably safe condition for use by the men; it was well lighted and unobstructed; and, save the existence of this scaffold, no danger threatened one using it.

Under the above circumstances what duty did the defendant owe to the plaintiff? No contractual relation existed between them. Plaintiff was on the premises by invitation. The defendant was there for business purposes. " The general rule applicable to persons occupying real property for business purposes is that they must use reasonable prudence and care to keep their property in such a condition that those who go there shall not be unreason-. ably and unnecessarily exposed to danger. The measure of their

duty is reasonable prudence and care." (*Flynn* v. *Central R. R. Co. of New Jersey,* 142 N. Y. 439, 445.) We think the defendant complied with this rule. It had nothing to do with the construction of this scaffold. The subcontractors personally took charge of its construction and it is not suggested that they were lacking in skill or experience for such work. It does not appear that at any time any defect in this scaffold was known to the defendant or to any one on the job. The men who were at the time working on the scaffold were scattered substantially its entire length; not more than two or three were together in one place. It is not suggested that defendant had any reason to suspect the strength of the scaffold, or to apprehend any danger therefrom. While its superintendent Lynch had general charge of the work, to see that it was being performed according to the plans and specifications, he did not have charge of the tools or appliances furnished by any one of the subcontractors, or what means any subcontractor used in performing his work; his only authority was to see that the result complied with the plans and specifications. The plaintiff seeks to connect the defendant with responsibility chiefly from two bits of evidence, which he says show that defendant assumed control of the scaffold: *First,* defendant's superintendent told the painters to use the scaffold; and *second,* after its collapse, he directed the men to rebuild it. For his first proposition he uses the testimony above quoted, in which Mr. Lynch said it was all right to go up there. In their natural meaning these words had no reference to the strength or sufficiency of the scaffold, but only that it would be all right for one subcontractor to use a scaffold already erected by another; nor did Murphy need or ask for any assurance of the strength of the scaffold; he was a man experienced in building scaffolds; he was going to build a scaffold when he found the one already erected. As to the second proposition, the fact that, after the accident, Mr. Lynch, happening to come immediately, told the men to rebuild it, certainly does not prove any assumption of control before the accident. We find no evidence of negligence on the part of defendant.

Section 240 of the Labor Law (Laws of 1921, chap. 50) provides: " A person employing or directing another to perform labor of any kind in the erection, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding * * * and other mechanical contrivances which shall be so constructed, placed and operated as to give proper protection to a person so employed or directed." This defendant did not furnish, erect or cause to be furnished or erected this

scaffold for the performance of work. It was the duty of the employees of Hayes to furnish their own scaffolds and ladders and, when they found this scaffold, which would suit their purpose and contemplated using it, the defendant was not placed in a position of furnishing or erecting the scaffold, because it consented or stated that it would be all right to use. This expression cannot be construed as any further assurance to plaintiff than that Lynch would answer for the plasterers' consent.

The defendant, at the end of plaintiff's case, moved for a dismissal of the complaint and for judgment on the ground that plaintiff had failed to prove a cause of action. This motion was renewed at the close of the evidence.

The judgment should be reversed and the complaint dismissed, with costs.

HINMAN and WHITMYER, JJ., concur; COCHRANE, P. J., and DAVIS, J., dissent on the ground that the general contractor owed a duty to furnish a reasonably safe place to work for the employees of subcontractors, and it was a question of fact as to whether the defendant performed that duty in seeing that the scaffold over the passageway was safe and secure in its construction and not overloaded.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.