Prepared by State Reporter from Appeal Papers

ALICE LUMSDEN, as Administratrix of the Estate of GEORGE LUMSDEN, Deceased, Respondent, *v.* DWIGHT P. ROBINSON AND COMPANY, INC., Appellant.

*Negligence — master and servant — workmen's compensation — employee of subcontractor killed through negligence of general contractor — liability of general contractor not limited to compensation under Workmen's Compensation Law.*

*Lumsden* v. *Robinson & Co., Inc.,* 222 App. Div. 713, affirmed. (Argued March 28, 1928; decided May 1, 1928.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 2, 1927, which affirmed an order of Special Term granting a motion by plaintiff to strike from the answer the second separate defense. The action was to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of the defendant. The intestate when killed was employed by a subcontractor in placing foundation piles for the erection of a building. Defendant was the general contractor. The question presented by the defense stricken out was whether the liability of the general contractor was limited to payment of compensation under the Workmen's Compensation Law.

The following question was certified: " Did the defense stricken out present a defense in law? "

*F. A. W. Ireland* and *Chester Mc Neil* for appellant.
*Hamilton Ward* for respondent.

Order affirmed, with costs, on authority of *Clark* v. *Monarch Engineering Co.* (248 N. Y. 107); question certified answered in the negative.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.