WILLIAM DE LEE, Appellant, v. T. J. PARDY CONSTRUCTION COMPANY, Respondent.

(Argued June 11, 1928; decided July 19, 1928.)

*William H. Murray* and *John F. Murray* for appellant. It was a question of fact for the jury to decide whether the defendant neglected, failed and omitted to keep the passageway or aisle in the building upon and along which plaintiff walked in a reasonably safe condition. (*Meiers* v. *Koch Brewery*, 229 N. Y. 10; *Casey* v. *Lehigh Valley Railroad Co.*, 128 App. Div. 86; *Braun* v. *General Electric Co.*, 200 N. Y. 484; *Hallett* v. *Liebmann's Sons Brewing Co.*, 129 App. Div. 613; *Bageley* v. *Bowe*, 105 N. Y. 171; *Quigley* v. *Thatcher*, 207 N. Y. 66; *Dougherty* v. *Weeks & Son*, 126 App. Div. 786; *Flanagan* v. *Ley*, 241 N. Y. 607; *Shanahan* v. *Crestonia Construction Corp.*, 207 App. Div. 680; *Kenny* v. *Hall Realty Co.*, 85 Misc. Rep. 439; *Litsch* v. *Todd, Irons & Robertson, Inc.*, 239 N. Y. 559.)

*John J. Scully* for respondent. The defendant could only be responsible for the negligence of its own employees,

or where it had interfered with the work and the acts performed by it occasioned the injury, or where it was bound by statute to do a thing efficiently and injury resulted from its inefficiency. (*Quigley* v. *Thatcher*, 207 N. Y. 66; *Berg* v. *Parsons*, 156 N. Y. 109; *Lynch* v. *Ley*, 119 Misc. Rep. 681; *People* v. *Gaydica*, 122 Misc. Rep. 31; *Von Lengerke* v. *City of New York*, 150 App. Div. 98; *Joyce* v. *Convent Ave. Co.*, 155 App. Div. 586.)

O'BRIEN, J. Defendant was the general contractor for the construction of a building and performed all the work except the plastering, painting and electrical work which it sublet to others. Through the middle of the first floor extended an aisle which formed the only passageway for workmen going from front to rear. Above this passage the subcontractors for the plastering work erected a scaffold for the use of their own employees. Plaintiff, who was an employee of the subcontractor for electrical work, was proceeding through this passage beneath the scaffold when it fell upon and injured him. In this action for negligence against the general contractor he recovered a judgment which has been reversed on the law and the complaint dismissed.

Defendant had possession and control of the building. Its superintendent attended each day during the time of construction. His duties, as described by him, were " to see that the work goes along smoothly to final completion " and " looking after the interests " of this defendant. He went from place to place in the building and checked up the various operations of the subcontractors. Through him, defendant owed a duty to all persons invited upon the premises to use reasonable care for their protection. It allowed the workmen of the different subcontractors to pass beneath this scaffold. This was a perfectly proper thing to do. The scaffold was erected for the use of plasterers and seven or eight of them were on it. With the consent of defendant's

superintendent, and as the jury could find, upon his representation that the scaffold would sustain the additional weight, five or six painters also were working there. No reason for its collapse is suggested except the fact of overloading. A structure securely built for the support of eight men may be heavily overloaded by the weight of fourteen. A passageway may be safe or dangerous in proportion to the load imposed above it. Did defendant's superintendent act as a reasonably prudent man when without previous inspection he authorized the additional use? The jury's verdict imports a negative answer. We think there is evidence to support it.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ., concur.

Judgment accordingly.