# Staunton

## G. G. WAUGH AND COMPANY, ET ALS. v. CHARLES ROLLISON, DECEASED, ETC.

September 23, 1937.

Present, All the Justices.

The opinion states the case.

*Alexander H. Sands,* for the appellants.

*Stilson H. Hall* and *John J. Wicker, Jr.,* for the appellees.

CAMPBELL, C. J., delivered the opinion of the court.

Appellants have been allowed an appeal from an award made by a majority of the Industrial Commission in favor of Laura Bell Rollison, widow of Charles Rollison, deceased.

It appears from the record that G. G. Waugh and Company (hereafter called contractor), entered into a contract with the State Highway Commission of Virginia, for the construction of a certain highway in Louisa county. Under the terms of the contract, the contractor was to furnish all the materials necessary for the construction of the highway; was to supervise the same; was to employ all necessary labor; and, pursuant to the statute (Code 1936, section 1887(68)), was to carry compensation insurance for the protection of all persons engaged in the work covered by the terms of the contract.

The contract, while made with the Highway Commission, involved the use of Federal W. P. A. funds. Therefore, it fell within the provision of the Federal act (40 U. S. C. A. section 406) in regard to the number of hours per week relief workers should be employed.

In order to obtain the necessary crushed stone required in the road construction, the contractor entered into a contract with one C. M. Lawrence to supply the required material. Lawrence, under the terms of this contract, was to use his entire force of twenty workmen, then employed in his stone quarry, to get out the necessary amount of crushed stone. In view of the fact that Lawrence did not carry workmen's compensation insurance, it was specifically agreed that the contractor would carry all necessary insurance required by the Highway Commission, and the commission so advised. One of the employees of Lawrence was

Charles Rollison, the husband of the claimant. On June 26, 1936, while in the course of his employment, Rollison was struck on the head by a falling stone and he died as a result of the injury received.

A number of questions have been raised by counsel for appellants in the petition for an appeal, but as we comprehend the case, the record presents but one question and that is, was Lawrence an independent contractor or a subcontractor of Waugh and Company?

A majority of the Industrial Commission held that Lawrence was a subcontractor, and therefore the widow of the deceased was entitled to compensation. In that conclusion we fully concur.

The testimony of G. G. Waugh clearly shows, we think, that Rollison was recognized as an employee of Waugh and Company. Waugh testified that the workmen employed by Lawrence were carried on the payroll of the contractor and were paid by checks issued by the contractor. The force of this evidence is sought to be broken by the contention that the issuance of the checks was the result of a bookkeeping arrangement. Such a contention is fallacious, in the face of the fact that immediately after the accident a report was made by the contractor to the insurance carrier, admitting that Rollison was an employee of Waugh and Company.

The award of the Industrial Commission is plainly right and it will be affirmed.

*Affirmed.*