## MAGILL v. TRAVELERS INS. CO.
### No. 12451.

Circuit Court of Appeals, Eighth Circuit.

April 7, 1943.

For former opinion, see 133 F.2d 709.

J. L. London, of St. Louis, Mo. (Phineas Rosenberg, of Kansas City, Mo., and Leahy, Walther & Hecker, of St. Louis, Mo., on the brief), for appellant.

Vincent L. Boisaubin, of St. Louis, Mo. (James C. Jones, Jr., and Jones, Hocker, Gladney & Grand, all of St. Louis, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

PER CURIAM.

The appellee in its petition for rehearing has called our attention to the fact that, since the submission of this case, there has been certified to the Supreme Court of Missouri the case of Schoen v. American National Insurance Co., 167 S.W.2d 423, in which the St. Louis Court of Appeals held (with one judge dissenting) that incapacity caused by the insanity of an insured under a life policy providing for disability benefits would excuse compliance by the insured with the conditions of the policy relative to the furnishing of proof of disability. The appellee asks that we defer our ruling upon its petition for rehearing until the Missouri Supreme Court shall have decided the Schoen case.

It is, no doubt, desirable that a retrial in the District Court of the instant case should be postponed until the Schoen case is finally determined, since it is apparent that the opinion of the Supreme Court of Missouri in that case will control or substantially affect the disposition of this case. The question is whether this court shall postpone the retrial by withholding its ruling upon the petition for re-

hearing or whether the matter of postponement shall be left to the District Court. We think it is more logical to leave the postponement of the retrial to the District Court, since nothing has yet occurred to demonstrate that the controlling law of Missouri is not what we thought it was when we decided this case, and we cannot see that any harm will be done by the remand of this case for a new trial.

If, between the time that this case is remanded to the District Court and the time it comes before that court for a new trial, the Supreme Court of Missouri shall have decided that the applicable law of Missouri is not what this court believed it to be, the District Court will be governed by the law as announced by the Supreme Court of Missouri and will determine this case accordingly. Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327; Chase Securities Corporation v. Vogel, 312 U.S. 666, 61 S.Ct. 823, 85 L. Ed. 1110.

The contentions of the appellee that the appellant's exceptions to the instructions of the District Court to the jury relative to the test of incapacitating insanity were insufficient, and that the question of the correctness of such instructions was not properly presented to or decided by this court, we think are without substantial merit.

The petition for a rehearing is denied, but without prejudice to the appellee's applying to the District Court for a postponement of the retrial of this case until the final disposition of the Schoen case by the Supreme Court of Missouri.