**McGANN v. MOSS et al.**
**Civil Action No. 97.**

District Court, W. D. Virginia,
at Lynchburg.
June 23, 1943.

574

John D. Easley, of Lynchburg, Va., and R. Carter Scott, Jr., of Richmond, Va., for plaintiffs.

James R. Caskie, of Lynchburg, Va., Leith S. Bremner, of Richmond, Va., McC. G. Finnigan, of Richmond, Va., and A. Lynch Ward, Jr., of Lynchburg, Va., for defendants.

BARKSDALE, District Judge.

This is an action by plaintiff, Roy McGann, against defendant, W. F. Moss, trading as Moss Trucking Company (hereinafter referred to as "Moss"), and defendants, E. W. Grannis, V. B. Higgins, trading as V. B. Higgins Engineering Company, F. N. Thompson, and McDevitt and Street Contracting Company, a North Carolina corporation, all of these defendants doing business under the firm name of Grannis, Higgins, Thompson and McDevitt Company, (hereinafter referred to as "Grannis"), for damages for personal injury alleged to have been sustained by plaintiff by reason of the concurring negligence of the two defendants.

Jurisdiction is grounded upon diversity of citizenship, the plaintiff being a resident of this District, and the defendants all being residents of the State of North Carolina.

As presented to me upon the pending motions, the facts briefly are as follows:

Grannis, a general contractor, was engaged in the construction of a certain building project at Camp Pickett, Virginia. Grannis contracted with Southern Engineering Company (not a party to this action) to furnish certain building material, and Southern Engineering Company contracted with defendant Moss to transport such building material to the site of the project at Camp Pickett for delivery to Grannis. Plaintiff, while in the employment of Enterprise Electric Company, a subcontractor of Grannis on the project, was injured when he was struck at Camp Pickett by certain heavy metal trusses, which were being delivered by defendant, Moss, for Southern Engineering Company, to defendant, Grannis, which heavy metal trusses fell from the truck of Moss and struck plaintiff while they were being unloaded, or were about to be unloaded, at Camp Pickett. After the injury, plaintiff filed his claim for compensation under the Virginia Workmen's Compensation Act against his employer, Enterprise Electric Company, and was awarded compensation under the Act, which has been paid, or is being paid, by Lumberman's Mutual Casualty Company, insurance carrier for Enterprise Electric Company, and Lumberman's Mutual Casualty Company, asserting that it brings this action for its own benefit and for the benefit of the plaintiff, in the name of the plaintiff, has, by order of this Court, been made a party plaintiff. Smith v. Virginia Ry. & P. Co., 144 Va. 169, 176, 131 S.E. 440, 442.

Plaintiffs, McGann and Lumberman's Mutual Casualty Company, assert that under Section 12 of the Virginia Workmen's Compensation Act, Code Va.1942, § 1887 (12), they have the right to maintain this action as at common law; defendants, Moss and Grannis, assert that under Section 12, construed along with Section 20, of the Virginia Workmen's Compensation Act, Code Va.1942, § 1887(20), plaintiff, McGann, as to them, is restricted to his remedies under the Act, and that as the insurance carrier has no greater right than plaintiff, McGann, neither can maintain this action. Both defendants have moved to dismiss the complaint, and the question now before me is upon these motions to dismiss.

Section 12 of the Act permits a third party action such as this by an injured employee (or in his name and for his benefit) against "any other party" than his "employer". While this expression may not be perfectly exact, in effect, Section 20 provides that a general contractor shall be guarantor of payments of compensation to employees of subcontractors, as if such workmen "had been immediately employed by him" (the general contractor). While Section 20 of the Act contains no express limitation on Section 12, and in fact, contains no reference to it, defendants contend ·that its force and effect is to render the plaintiff here an employee of the general contractor, with the result that neither defendant here is included in the phrase "any other party" than the "employer", as used in Section 12.

Since the adoption of the Virginia Workman's Compensation Act of 1918, Section 20 has been amended twice (Acts of Assembly 1924, c. 318, p. 478; Acts of Assembly 1926, c. 7, p. 7), and Section 12 has been amended six times (Acts of Assembly 1920, c. 176, p. 256; Acts of Assembly

1924, c. 318, p. 478; Acts of Assembly 1926, c. 7, p. 7; Acts of Assembly 1930, c. 158, p. 405; Acts of Assembly 1932, c. 276, p. 485; and Acts of Assembly 1936, c. 369, p. 591), and these sections have been construed by the Supreme Court of Appeals of Virginia in their various forms. Obviously, the court's construction of either or both these sections in one form, has little or no bearing on the proper construction in another form. By the recent decision of the Supreme Court of Virginia in the case of Noblin v. Randolph Corporation, 180 Va. 345, 23 S.E.2d 209, the court has held that Section 12 is now substantially the same as it was when enacted by the Act of Assembly, 1920, and that, therefore, the decisions of the court construing this section as it was in 1920 should be looked to for the proper construction of this section as it is at present.

In considering the proper construction of Section 12, and its relation to Section 20, it should be carefully noted that the present last sentence of Section 12 was first enacted in 1920, that it was omitted from the Section by the amendment of 1924, omitted from the Section as amended in 1926, omitted from the Section as amended in 1930, omitted from the Section as amended in 1932, and restored in substantially the same form in the Section as amended in 1936. The sentence is as follows: "Nothing in this act contained shall be construed to make, for the purposes of this act, the employees of an independent contractor the employees of the person or corporation employing or contracting with such independent contractor." As it is important that I should promptly pass upon the motions here pending in order that this action may proceed to judgment, I shall make no attempt to review all the decisions construing Sections 12 and 20 of the Act in their various forms. For a general historical review of Section 12, see Noblin v. Randolph Corporation, supra. See also interesting note on this section in 17 Virginia Law Review 834 by R. Carter Scott, Jr., Esq., of counsel for plaintiffs here.

It is my conclusion that this action may be maintained against both defendants, and an order will be entered accordingly.

Defendants rely principally upon the following cases: Fields v. Wise Granite & Construction Co. &c., Law & Equity Court of the City of Richmond, Va., 1928, Frank T. Sutton, Jr., Judge (This case was not taken to the appellate court, and is not officially reported. The trial court's memorandum opinion may be found in the pamphlet, "The Virginia Workmen's Compensation Act", 1942 Edition, p. 170); State v. Bennett Building Co., 154 Md. 159, 140 A. 52; Casey v. Shane, 221 App.Div. 660, 225 N.Y.S. 126; and Clark v. Leahy Co., 300 Mass. 565, 16 N.E.2d 57.

These cases are in point and persuasive. However, I am constrained to believe that in the construction of the pertinent sections of the Virginia Workmen's Compensation Act, with their legislative history of so many permutations, and having been so frequently construed by our own court of last resort, little light can be obtained from decisions of the courts of other states construing the compensation acts of their own states. In the Maryland and New York cases cited above, the decisions denying the right of the injured employee of a subcontractor to sue the general contractor, are grounded upon the assumption that the provisions of law in those states similar to our Section 20, constitute the employee of the subcontractor a statutory employee of the general contractor, and therefore confined to his remedies under the act. No reference is made in these opinions to any such provision as that contained in the last sentence of our Section 12, which specifically provides that: "Nothing in this act contained shall be construed to make, for the purposes of this act, the employees of an independent contractor the employees of the person or corporation employing or contracting with such independent contractor." I must assume that the compensation acts of Maryland and New York contain no such provision, and forsooth, this provision did not appear in our compensation law from the time it was deleted from the Act of 1920 by the Act of 1924, until it was restored by the Act of 1936.

In the Massachusetts case of Clark v. Leahy Co., supra, the decision of the court seems to have been based upon the theory that all employees on a project, no matter by whom directly employed, were engaged in a "common employment", and therefore confined to their remedies under the Act. No such conclusion, in my opinion, can be reached in Virginia by reason of the provision of Section 12 just quoted.

Of course, Judge Sutton's memorandum of opinion in the case of Fields v. Wise Granite, &c., supra, is not from the court of last resort in Virginia. However, it might be entitled to great weight here, were it not

for the fact that at the time this decision was rendered Section 12 did not include that provision just quoted. Since this provision was restored to Section 12 by the General Assembly of 1936, it seems to me to render Judge Sutton's opinion inapplicable to the question here under consideration.

Defendants also cite the case of Waugh & Co. v. Rollison, 169 Va. 268, 192 S.E. 694, which, however, seems to me to lend no support to defendants' contention, by reason of the fact that the plaintiff in that case, under the circumstances there existing, was held, as a matter of fact, to be the employee of the general contractor, and was not held to occupy the relationship of employee of the general contractor by virtue of Section 20 of the Act, as here contended.

I am led to the conclusion which I have reached, first, by the plain language of the last sentence of Section 12 already quoted, as follows: "Nothing in this act contained shall be construed to make, for the purposes of this act, the employees of an independent contractor the employees of the person or corporation employing or contracting with such independent contractor."

Inasmuch as this provision appeared in the law as enacted in 1920, was deleted in 1924, continued to be omitted until 1936, and was then re-enacted, it would seem that its re-enactment was with deliberate intent, and that the intent of the legislature was that this provision should apply to just such a case as is here presented.

When this provision was a part of the Act of 1920, in the precise language as it appears today, it was construed in the case of Bamber v. City of Norfolk, 138 Va. 26, at pages 34 and 35, 121 S.E. 564, at page 566. The court said: "The concluding portion of this amendment (the sentence here under consideration) obviously has reference to all owners and others, including municipal corporations, having work executed by employing or contracting with an independent contractor. * * * Bamber, the injured workman employed in the work, was an employee of Birchett, 'an independent contractor'. Hence, by the express terms of the amendment, 'by nothing in (the) act,' can the workman, Bamber, an employee of Birchett, 'an independent con-

tractor', be construed to have been made an employee of the city of Norfolk, 'the person or corporation * * * contracting with such independent contractor,' which would be the result of construing section 20 (a) as contended for in behalf of the claimant in the instant case."

And the case of Chesapeake & O. Railway Co. v. Palmer, 149 Va. 560, 140 S.E. 831, supports my conclusion, for in the court's opinion construing Section 12, it is very strongly suggested that in the consideration of the meaning of the terms "employer" and "employee" as used in Section 12, inquiry should be made to determine whether or not the relationship of master and servant existed, and further, that the section was designed for the protection of an employer who had paid the compensation.

■ It therefore seems to me that, notwithstanding what may be the law in other states, and notwithstanding what may have been the law in Virginia at other times, under the Virginia Workman's Compensation Act as it stands today, the right given to an employee to proceed against "any other party" than his "employer", means the right to proceed against any person other than his immediate employer, who, with the employee, occupies the relationship of master and servant.

■ The above observations, in my opinion, apply to both defendant, Moss, and defendant, Grannis. However, in addition to what I have already said, it would seem to me that the case of Perkinson v. Thomas, 158 Va. 699, 164 S.E. 561, is a complete answer to the contention of defendant, Moss. Applying the doctrine of the Perkinson case, as I understand it, to the instant case, the result would be that Southern Engineering Company and Grannis did not occupy the relationship of subcontractor and general contractor, but the simple relationship of seller and buyer of a commodity. A fortiori, Moss would not be a subcontractor of Grannis. In fact, he had no contractual relationship with Grannis at all. Moss was simply delivering a commodity which had been purchased by Grannis from Southern Engineering Company, and I therefore fail to see how, under any theory, Moss could be held immune to suit here.