## ANDERSON et al. v. SANDERSON & PORTER et al.

### No. 12890.

Circuit Court of Appeals, Eighth Circuit.

Jan. 4, 1945.

Frank J. Wills and Paul McKnight, both of Little Rock, Ark. (Gordon E. Young and Henry W. Gregory, Jr., both of Pine Bluff, Ark., and John A. Sherrill and Howard Cockrill, both of Little Rock, Ark., on the brief), for appellants.

Edward L. Wright, of Little Rock, Ark. (Thomas S. Buzbee, Alvin S. Buzbee, and John M. Harrison, all of Little Rock, Ark., on the brief), for appellees.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The question which this Court is called upon to decide is whether a general contractor is, as to the employees of subcontractors carrying workmen's compensation insurance, a "third party" who, under § 40 of the Workmen's Compensation Law of Arkansas, Act 319 of the Acts of Arkansas, 1939, p. 777; Cum.Supp. to Pope's Ark.Stat.1944, p. 1360, may be sued for common-law negligence. So far as pertinent here, § 40 provides: "The making of a claim for compensation against any employer or an insurance carrier for the injury or death of an employee shall not affect the right of the employee, or his de-

pendents, to make claim or maintain an action in tort against any third party for such injury, * * *."

Sanderson & Porter, a New York partnership, constructed the Pine Bluff Arsenal in Arkansas under a general contract with the United States. The partnership was subject to the Workmen's Compensation Law of Arkansas and carried workmen's compensation insurance as required by the law. Sanderson & Porter sublet the erection of certain distribution pipe lines covered by the contract to Turner-McCoy. Turner-McCoy sublet the insulating of the pipe lines to the Armstrong Cork Company. G. C. Anderson was employed by the Armstrong Cork Company. He was not in the employ, or subject to the direction or control, of Sanderson & Porter. Anderson was injured in the course of his employment, when a scaffold, which it was the duty of Sanderson & Porter to erect and maintain, gave way. Standard Accident Insurance Company was the workmen's compensation insurer of the Armstrong Cork Company. The Insurance Company paid to Anderson, on account of his injuries, what was due him under the Workmen's Compensation Law. Anderson has brought this action at common law against Sanderson & Porter and the members of that partnership, as "third parties", to recover damages for his injuries, allegedly caused by their negligence. Standard Accident Insurance Company intervened for the purpose of recovering from the defendants what the Insurance Company had paid to Anderson as medical expenses and compensation. The defendants, who denied liability in their answer, moved for a summary judgment of dismissal upon the ground that they were not "third parties" against whom such an action could be maintained. The District Court entered summary judgment for the defendants. This appeal followed.

The question for decision involves the interpretation of an Arkansas statute, and obviously can definitely be settled only by the Supreme Court of Arkansas. We are advised by the parties that no State court of Arkansas has as yet ruled upon this question, and that there is no available local data indicating what the law is or will probably be held to be by the courts of that State. The parties, in their briefs and arguments, have relied entirely upon cases interpreting the workmen's compensation laws of other states.

The pertinent sections of the Workmen's Compensation Law of Arkansas, in addition to § 40, are the following:

"§ 2. Definitions. As used in this chapter (a) 'Employer' means any individual, partnership, association or corporation carrying on any employment, * * *.

"(b) 'Employee' means any person * * * in the service of an employer under any contract of hire or apprenticeship, written or oral, expressed or implied. * * *

"(c) 'Employment' means every employment carried on in the State in which five or more employees are regularly employed in the same business or establishment. * * *

"§ 3. Application. From and after the taking effect of this Act, every employer and every employee, unless herein otherwise specifically provided, shall be subject to the provisions of this Act, and shall be bound thereby; * * *.

"§ 4. Remedies exclusive. The rights and remedies herein granted to an employee subject to the provisions of this Act, on account of personal injury or death, shall be exclusive of all other rights and remedies of such employee, his legal representative, dependents, or next kin, or anyone otherwise entitled to recover damages from such employer on account of such injury or death. * * *

"§ 5. Liability for compensation. Every employer subject to this Act shall in accordance therewith secure compensation to his employees and pay or provide compensation for their disability or death from injury arising out of and in the course of employment, without regard to fault as a cause for such injury; * * *.

"§ 6. Subcontractors. A contractor in the performance of whose contract one or more persons are employed, either by himself or by a subcontractor, who subcontracts all or any part of such contract shall be liable for and shall pay compensation to any employee injured whose injury arises out of and in the course of such employment, unless the subcontractor primarily liable therefor has secured compensation for such employee so injured as provided in this Act. * * *"

The appellants contend that the provisions of the Arkansas Workmen's Compensation Law which are here controlling were adopted by the General Assembly (legislature) of Arkansas from the New

York Workmen's Compensation Act, with the construction which had been placed upon similar provisions of the New York Act by the courts of New York. The appellants point out that, under the New York Workmen's Compensation Act, the liability of an employer under the Act is exclusive, and that the New York Act, Consol.Laws N.Y. c. 67, § 56, provides (as does the Arkansas law) that "A contractor * * * who subcontracts all or any part of such contract shall be liable for and shall pay compensation to any employee injured whose injury arises out of and in the course of such * * * employment, unless the subcontractor primarily liable therefor has secured compensation for such employee so injured as provided in this chapter." Appellants further point out that in Clark v. Monarch Engineering Co., 1928, 248 N.Y. 107, 161 N.E. 436, 438, it was held that, under· the . New York Workmen's Compensation Act, "Where the subcontractor has secured compensation for his employees, a general contractor is under no statutory liability"; and that "the Legislature did not intend to provide exemption to the general contractor from common-law liability, at least where no statutory liability is shown to have arisen." Page 438 of 161 N.E.

The appellees argue that the Arkansas Workmen's Compensation Law does not differ substantially from the ' Missouri Workmen's Compensation Act, and that, under the latter Act, an employee of an insured subcontractor may not maintain an action for common-law negligence against a general contractor. Bunner v. Patti, 343 Mo. 274, 121 S.W.2d 153; New Amsterdam Casualty Co. v. Boaz-Kiel Construction Co., 8 Cir., 115 F.2d 950. The weakness of appellees' argument with reference to the Missouri Act is that that Act specifically provides that an "independent contractor shall be deemed to be the employer of the employees of his subcontrac-· tors and their subcontractors when employed on or about the premises where the principal contractor is doing work." § 3308(c), Mo.R.S.1929, § 3698(c), Mo.R.S. A. There is no such provision in the Arkansas Law.

The courts which have considered the question of the "third party" liability of a general contractor to the employees of an insured subcontractor, under statutes similar to the statute of Arkansas here involved, have usually held that, since the general contractor is not the employer of the employees of his subcontractors and is liable for compensation only to the employees of an uninsured subcontractor, the general contractor is, as to the employees of an insured subcontractor, a "third party".

In the Annotation to the case of Adams v. Hercules Powder Company, 1943, 180 Tenn. 340, 175 S.W.2d 319, 151 A.L.R. 1352, it is said in an editorial note at page 1359:

"The provisions of some compensation acts impose liability upon the principal for compensation to employees of independent contractors or subcontractors in case he does not require the independent contractor or subcontractors to carry compensation insurance.

"The cases involving those provisions are generally in favor of the retention of the common-law rights of the employees against the 'principal—at least where the principal is not liable under the act.

"As before stated, the cases involving compensation acts imposing liability upon the principal contractor for compensation to employees of independent contractors or subcontractors in case he does not require the latter to carry compensation insurance are generally in favor of the retention of the common-law rights of the employee against the principal."[1]

In the same Annotation, it is said (p. 1364 of 151 A.L.R.): "In some jurisdictions the compensation .acts, instead of making the liability of the general employer or independent contractor dependent

[1] In support of this note, the editor cites the following cases: Clark v. Monarch Engineering Co., 1928, 248 N.Y. 107, 161 N.E, 436; Lumsden v. Dwight P. Robinson & Co., 1928, 248 N.Y. 529, 162 N.E. 512; Casey v. Shane, 1928, 248 N.Y. 625, 162 N.E. 551; Konstantino v. Curtiss-Wright Corp., D.C.W.D.New York 1943, 52 F.Supp. 684, DeLee v. T. J. Pardy Constr. Co., 1928, 222 App. Div. 374, 226 N.Y.S. 345, reversed on other grounds, 249 N.Y. 103, 162 N.E. 599; Boyd v. Humphreys, 1929, 117 Neb. 799, 223 N.W. 658; Matthews v. G. A. Crancer Co., 1929, 117 Neb. 805, 223 N. W. 661; Corbett v. Starrett Bros., 1928, 105 N.J.L. 228, 143 A. 352; Trumbull Cliffs Furnace Co. v. Schachovsky, 1924, 111 Ohio St. 791, 146 N.E. 306; Foglio v. Chicago, 1923, 229 Ill.App. 472; Artificial Ice & Cold Storage Co. v. Waltz, 1925, 86 Ind.App. 534, 146 N.E. 826.

on the carrying of compensation insurance by the independent contractor or subcontractor, directly impose what amounts practically to an absolute, although perhaps a secondary, liability on the former for injuries to employees of the latter. These provisions, drawn in varying language, have been generally construed as creating an exclusive remedy, precluding the maintenance of a common-law action against the general employer or independent contractor, even though rights of action against 'third persons' are preserved by the act."[2]

We think that the editorial writer of the notes which we have quoted has correctly appraised the general rule deducible from the cases dealing with the "third party" common-law liability of a general contractor to employees of a subcontractor under varying types of workmen's compensation acts. See, also, Horovitz on Workmen's Compensation (1944) pages 347–353 and cases cited; and Vol. 33, Fourth Decennial Digest, Key Numbers 2164, 2165, 2166, 2167.

If the General Assembly of Arkansas, in enacting the Workmen's Compensation Law, intended to provide that a general contractor was to be, or was to be considered, the "employer" of the employees of his subcontractors, or that his liability to such employees for his own wrongful acts was to be limited to the compensation provided by the law, or that he was not to be regarded as a "third party" with respect to them, the intention was inadequately expressed. We think the Workmen's Compensation Law of Arkansas is therefore subject to the same interpretation which has been given to the New York Workmen's Compensation Act and other similar acts in which a state legislature has not expressly or by necessary implication disclosed an intent to limit or eliminate the common-law liability of the general contractor for his own wrongful acts to employees other than his own.

Whether the General Assembly of Arkansas could have limited the common-law liability of a general contractor to the employees of his subcontractors is uncertain. The Workmen's Compensation Law was enacted under the authority granted by Amendment 26 to the Constitution of Arkansas (Cum.Supp. to Pope's Ark. Stat. 1944, page 33). This amendment reads as follows:

"That the Constitution of the State of Arkansas be amended by modifying Section 32 of Article V of said Constitution so as to permit the Legislature to enact Workmen's Compensation Laws.

"The General Assembly shall have power to enact laws prescribing the amount of compensation to be paid by employers for injuries to or death of employees, and to whom said payment shall be made. It shall have power to provide the means, methods, and forum for adjudicating claims arising under said laws, and for securing payment of same. Provided, that otherwise no law shall be enacted limiting the amount to be recovered for injuries resulting in death or for injuries to persons or property; and in case of death from such injuries the right of action shall survive, and the General Assembly shall prescribe for whose benefit such action shall be prosecuted."

The Supreme Court of Arkansas, in Young v. G. L. Tarlton, Contractor, Inc., 204 Ark. 283, 162 S.W.2d 477, 479, has said: "This amendment confers upon the General Assembly the power to enact legislation prescribing the amount of compensation to be paid employees for injury or death, and to whom such payments

[2] In support of this statement, the following cases are cited: Adams v. Hercules Powder Co., 1943, 180 Tenn. 340, 175 S.W.2d 319, 151 A.L.R. 1352; Fox v. Dunning, 1927, 124 Okl. 228, 255 P. 582; McEvilly v. L. E. Myers Co., 1925, 211 Ky. 31, 276 S.W. 1068; Jennings v. Vincent's Adm'x, 1940, 284 Ky. 614, 145 S.W.2d 537; Leebolt v. Leeper, 1929, 128 Kan. 61, 275 P. 1087; Phœnix Indem. Co. v. Barton Torpedo Co., 1933, 137 Kan. 92, 19 P.2d 739; White v. George A. Fuller Co., 1917, 226 Mass. 1, 114 N.E. 829; White v. George B. H. Macomber Co., 1923, 244 Mass. 195, 138 N.E. 239; Willard v. Bancroft Realty Co., 1928, 262 Mass. 133, 159 N.E. 511; Bogoratt v. Pratt & W. Aircraft Co., 1932, 114 Conn. 126, 157 A. 860; Bunner v. Patti, 1938, 343 Mo. 274, 121 S. W.2d 153; Wors v. Tarlton, 1936, 234 Mo.App. 1173, 1187, 95 S.W.2d 1199; New Amsterdam Casualty Co. v. Boaz-Kiel Constr. Co., 8 Cir., 1940, 115 F. 2d 950; State to Use of Hubert v. Benjamin F. Bennett Bldg. Co., 1928, 154 Md. 159, 140 A. 52; McGann v. Moss, D.C.W.D.Va.1943, 50 F.Supp. 573; McDonald v. Levinson Steel Co., 1930, 302 Pa. 287, 153 A. 424; Gallivan v. Wark Co., 1927, 288 Pa. 443, 136 A. 223.

62

shall be made. It confers power to prescribe the means, methods, and forum for the adjudication of such claims, and for securing the payment thereof. It was pursuant to this amendment, and under the authority there conferred, that Act 319 was passed and became a law. The amendment provides that otherwise, that is, except *in cases arising between employer and employee,* no law shall be passed limiting the amount to be recovered for injuries resulting in death or for injuries to persons or property." (Italics supplied.)

If the General Assembly of Arkansas is powerless to pass any law limiting the common-law liability for injury or death, except in cases "arising between employer and employee," it is difficult to understand how the General Assembly could relieve a general contractor of his common-law liability except with respect to persons in his employ. We think it is safe to say that an action brought against a general contractor by an employee of a subcontractor of a subcontractor is not a "case arising between an employer and an employee" within the meaning ordinarily attributed to the words quoted.

We can not, of course, say with absolute certainty that the law of Arkansas with respect to the question under consideration is not what the District Court believed it to be when the summary judgment appealed from was entered. It seems to us, however, so improbable that the conclusion of the District Court that the appellants may not maintain this action under Arkansas law is correct that we are convinced that the judgment dismissing the complaint in this case ought not to have been entered. In fairness to the trial judge, it should be said that it is apparent that some of the considerations upon which we have based our conclusion that the summary judgment appealed from is wrong were not called to his attention.

If, before this case is finally determined by the District Court, the Supreme Court of Arkansas shall rule that a case such as this may not be maintained, the rule announced by that court will govern the disposition of this case, regardless of our decision. See Magill v. Travelers Ins. Co., 8 Cir., 134 F.2d 612.

The judgment appealed from is reversed, and the case is remanded to the District Court with directions to reinstate the complaint and to accord the appellants a trial of the case upon the merits.